Tom L. SESSIONS, Appellant,

v.

PRICE DRILLING COMPANY, Appellee.

No. 16111.

Court of Civil Appeals of Texas.

Fort Worth.

June 3, 1960.

Rehearing Denied July 1, 1960.

Nathan Rachael, Dallas, for appellant.

Sanders, Masters & Watson, and Joe E. Shaddock, Wichita Falls, for appellee.

RENFRO, Justice.

On the 21st day of March, 1950, Ida Price, independent executrix of the Estate of Wiley B. Price, doing business as Price Drilling Company, obtained a joint and several judgment in the District Court of Wichita County against Tom Sessions and Richard W. Scott in the amount of $3,-344.64.

On March 31, 1959, Tom Sessions, hereinafter called appellant, filed a suit in the nature of a Bill of Review to set aside the 1950 judgment.

Both sides filed motions for summary judgment.

Upon hearing the motions, the court found there was no genuine issue as to any material fact and that appellee (Price) was entitled to judgment as a matter of law.

Appellant contends that material questions of fact were presented.

A judgment cannot be set aside by Bill of Review unless it be shown: (1) There existed a meritorious defense to the cause of action. Barrow, Wade, Guthrie & Co. v. Stroud, Tex.Civ.App., 125 S.W.2d 365. (2) Complainant was prevented from presenting such meritorious defense through extrinsic fraud, accident or mistake, wholly unmixed with any fact or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996. (3) Complainant was diligent in seeking to set the judgment aside. Osborn v. Younger, Tex.Com.App., 235 S. W. 558. (4) The matters complained of in the equitable suit to vacate the original judgment could not have been presented to the appellate court by appeal. Smith v. Ellis, Tex.Civ.App., 319 S.W.2d 745.

In his Bill of Review appellant pleaded that he had no knowledge of the 1950 judgment until sometime in March of 1959. He pleaded, as a meritorious defense, partial payment and accord and satisfaction. Prior to the hearing on the Bill of Review he testified by deposition that he did execute the note to Price Drilling Co., that he made

some payments in 1949, the amounts he did not remember, to a lawyer in Abilene; he did not remember the name of the lawyer, did not remember the office building of the lawyer, did not have any receipts to show such payments, and that he had made no effort to determine the name of the lawyer.

Bill Price, son of Ida Price, by affidavit, swore that the note was taken into his possession immediately upon its execution, that no attorney other than Wallace N. Masters, of Wichita Falls, ever had possession of the note, that no other attorney was ever authorized to collect or attempt to collect the note, that Masters had never practiced law or maintained an office in Abilene, and that no payment had ever been made on the note. Mrs. Price, by affidavit, swore she never authorized anyone other than Mr. Masters to collect the note, and that she never retained any attorney in Abilene to perform any services in connection with said note.

■ Assuming, as we must in a summary proceeding, that appellant paid some amount of money to some attorney in Abilene in some office building, still there is no showing whatever in the record that such unnamed attorney represented appellee or had any authority to accept payments on the note in question. In view of the positive evidence to the contrary, we must agree with the trial court that appellant did not show a meritorious defense.

■ Formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue. McFarland v. Connally, Tex.Civ. App., 252 S.W.2d 486; Saenz v. Lower Rio Grande Valley Chamber of Commerce, Tex. Civ.App., 296 S.W.2d 806; hence, the uncontradicted evidence in the instant case which shows that no material fact issue existed as to appellant's having a meritorious defense should prevail over his pleading.

■■ Appellant bases points of error on the action of the trial court in receiving certain exhibits in evidence at the hearing on the motion for summary judgment. Exhibit 2 was a letter from the trial court to appellant's attorney notifying him of the date for hearing the motion for summary judgment. Exhibit 1 is the attorney's acknowledgment of the notice. We fail to see how appellant could have been harmed by the admission of such letters. All the other exhibits of which complaint is made were admissible under Rule 166–A, Texas Rules of Civil Procedure. Moreover, the record shows no objection to the admission of such exhibits. Appellant contends the court erred in failing to consider all the matters set forth in the notices of the motions for summary judgment. The judgment recites that the court did consider the motions, affidavits, pleadings and depositions. The record does not reflect that the trial court declined to consider any record, exhibit, etc., properly before him.

■ Appellant contends summary judgment should not have been rendered for him because appellee did not deny under oath appellant's verified petition. As previously stated, the pleadings are not necessarily controlling in a summary judgment proceeding, but the court may look "through and beyond" the pleadings. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236; Rule 166–A.

■ Appellant argues he was prevented from presenting defense of plea of privilege because he was not personally served with citation in the original suit. Service was had on appellant in the original suit in accordance with Rule 106. The return shows service was executed at Dallas, Texas, in the County of Dallas, State of Texas, "by delivering * * * to Mrs. Callie Sessions, mother of defendant at 4512 Fairway, Defendant's usual place of abode * * * in person, a true copy (of citation and petition)." The evidence shows that 4512 Fairway is actually in the City of Highland Park, Dallas County, Texas. The evidence is undisputed, however, that appellant's mother lived at that address at the time of service of process,

that said address was appellant's legal abode; that Highland Park is surrounded by the City of Dallas, and that mail sent to appellant was addressed to 4512 Fairway, Dallas, Texas. It is not disputed that the citation and petition were delivered to appellant's mother in Dallas County.

It is undisputed that appellant's legal abode was his mother's home where the service was perfected in Dallas County. The error in the return was not of such nature as to deprive the court of jurisdiction to render a default judgment. Appellant was duly served with process in Dallas County in accordance with Rule 106.

All points of error are overruled.

Judgment affirmed.