COTTERMAN, APPELLEE, *v.* FAHRIG ET AL., APPELLANTS.

[Cite as Cotterman v. Fahrig (1972), 55 Ohio App. 2d 15.]

(No. 3872—Decided February 17, 1972.)

*Messrs. Miller, Compton, Long & Smith,* for appellee.
*Mr. William F. Clinard,* for appellants.

SHERER, P. J. The question to be determined in this appeal is whether the Municipal Court of Kettering had jurisdiction to render its judgment in this forcible entry and detainer case in favor of plaintiff-appellee granting a writ of restitution ordering appellants to vacate the residence at 2301 Acorn Drive, Kettering, Ohio, on residence service the return of which recites that the summons was served on appellants "by delivering a true copy thereof to their residence taped to the front door."

The complaint was filed in Kettering Municipal Court on April 16, 1971, and the summons was served on appellants on the same date.

The Ohio Rules of Civil Procedure became effective on July 1, 1970.

Civil Rule 4.1(3) states, with regard to residence service:

"When the plaintiff files a written request with the clerk for residence service, service of process shall be made by that method.

"Residence service shall be effected by leaving a copy of the process and the complaint, or other document to be

served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein. The clerk of the court shall issue the process, and the process server shall return it, in the same manner as prescribed in subsection (2) of this rule."

Civil Rule 1(C), effective July 1, 1971, provides, in pertinent part:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer * * *."

R. C. 1923.06, effective October 1, 1953, relating to the service of summons in a forcible entry and detainer case, provides that summons shall be served and returned as in other cases.

The trial court held in this case that when the legislature used the words "as in other cases" that "the court must use the rules of service that pertained at that time, to-wit, Section 2703.08, Revised Code, and must be guided by Court decisions as to the sufficiency of the methods of residential service in interpreting such section."

This action was filed after the Ohio Rules of Civil Procedure became effective, at which time R. C. 2703.08 was repealed. References cannot be made to such section and cases interpreting it for determining how service and returns are to be made in forcible entry and detainer cases filed after July 1, 1970. References must be made to the provisions of Civil Rule 4.1(3).

The service of summons was not made in accordance with the above rule and the Municipal Court of Kettering was without jurisdiction to issue of the writ of restitution.

The judgment is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

CRAWFORD and KERNS, JJ., concur.