In re Appeal of Ohio Sportservice, Inc., et al.

(No. 75-941998—Decided March 11, 1976.)

Court of Common Pleas of Cuyahoga County.

*Messrs. Guren, Merritt, Sogg & Cohen, Mr. Kenneth G. Weinberg* and *Ms. Barbara L. Radway,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Uprichard, Jr.,* for appellee Liquor Control Commission.

HITCHCOCK, J. (By assignment from Paulding County.) Appellants, Ohio corporations, in July, 1973, held permits to dispense alcoholic beverages at 11 places located near the racetrack or the arena.

Ohio Sportservice, Inc., from 1936 and Cuyahoga Sportservice, Inc., from 1957, each had continuously held one or more such permits at locations in this county. Applications for renewal in 1973 were denied for the reason that in mid-1972, Emprise Corporation of New York was, in the Central Division of the United States District Court for the District of California, convicted of a violation of Sections 371 and 1952, Title 18, U. S. Code. The former proscribes conspiracy to commit criminal offense against laws of the United States, the latter prohibits interstate and foreign travel or transportation in aid of racketeering enterprises, a felony. These convictions were affirmed in the case known as *United States* v. *Polizzi* (C. A. 9, 1974), 500 F. 2d 856, decided April 30, 1974, and modified July 18, 1974, on denial of a rehearing by the U. S. Circuit Court of Appeals for the Ninth Circuit. In this decision each of three appellate judges wrote opinions, all concurring in the judgment announced. Circuit Judge Duniway, in discussing Emprise Corporation's conviction at page 906, showed that one section of the New York Corporation law, *inter alia,* provided that: "The surviving or consolidated corporation shall assume and be liable for all of the liabilities, obligations and penalties of each of the constituent corporations." The first two paragraphs of his opinion give this succinct history of Emprise:

"Appellant Emprise Corporation argues that it is not liable for any criminal acts committed by its predecessor in interest. The facts are these: Before March 1, 1970, there was a New York corporation called High Park Corpora-

tion, which owned all of the shares of another New York corporation, Emprise Corporation (Old Emprise). On March 1, 1970, Old Emprise merged into its parent, High Park Corporation. On March 17, 1970, High Park Corporation amended its corporate name to Emprise Corporation (New Emprise).

"The February 26, 1971, indictment in this case charged 'Emprise Corporation' as a defendant. In July, 1971, it became clear that this meant Old Emprise, and, on September 9, 1971, the district court dismissed as to Old Emprise for want of personal jurisdiction over it. The government filed an information against New Emprise. New Emprise moved to dismiss, but this motion was denied, and New Emprise was convicted of violating 18 U. S. C. §§371 and 1952 and was fined $10,000. The charged offense was committed by Old Emprise, before the merger."

On January 20, 1975, certiorari was denied Emprise. 419 U. S. 1120

During the time of the acts complained of in the indictment Old Emprise was the sole owner of "Sportservice Concessions, Inc." which in turn was the sole owner of a number of Ohio operating corporations, of which appellants are two. The New Emprise, at the time of its corporate conviction, had the same economic interest in appellants as the Old Emprise had had.

The record shows that Old Emprise was an extension of its president and dominating shareholder, one Louis M. Jacobs, who caused Old Emprise, before his death in August, 1968, to write several large checks to certain of the individuals charged and convicted along with New Emprise Corporation in the U. S. Court in California. Probably 100 or more interrelated corporations are now extant which are owned by members of the Jacobs family, or by a trust for their benefit. They appear to have been created for various purposes: licensing, operations, tax consequences, family benefits, etc. Their basic activity is the conduct of food, beverage and specialty concessions at centers where spectators observe sporting events. Neither of the appellant permittee corporations, or their managing employees,

have any known record of law violation. In 1968, a citation for Sunday consumption against one of the operating corporations was dismissed. The permit holder cited may or may not have been one of the appellants. Two other Jacobs corporations in Ohio, not involved in this proceeding, did fail to report cessation of business upon dissolution or termination. This failure was considered to be a technical omission of no moral consequence.

The Administrator in testimony given September 18, 1974, gave opinion that this was a remarkably good behavior record over such a number of years, and that on the record he had discretion to either grant or deny the renewal applications.

The Liquor Control Commission refuses to renew these licenses for the reason that the parent corporation has been convicted of a felony under federal statutes. It asserts that, to its knowledge no licensed felon either directly or indirectly, holds a liquor permit in Ohio and that this policy has been followed since the Commission's existence. Also, it is admitted that no member of the Jacobs family or any managing employees of their corporations in Ohio is known to have any criminal record nor is there the slightest bit of evidence to indicate that Louis M. Jacobs, in his lifetime, did not enjoy the reputation of being an excellent business man of highest character for credibility and trustworthiness. Moreover, it is conceded that the acts of Emprise corporation upon which its conviction rests were the acts of one corporate officer alone, the said decedent Louis M. Jacobs, who was dead when the charges were made and who therefore never had the opportunity to either refute them or confront the makers thereof. Moreover, the court is unable to see how they could have been proven in the California court except by circumstantial evidence, much of which must have been supplied by living co-defendants. Several of these are reported to have had reputations of a most unsavory nature.

R. C. 4301.25 authorizes the suspension or revocation of any permit for violation of any R. C. Chapter 4301 and 4303 restriction, any lawful rule or regulation of the com-

mission, other sufficient cause and particularly "(A) For conviction of the holder or his agent or employee for violating a section of Chapter 4301. and 4303. of the Revised Code *or for a felony*; * * *" (emphasis supplied).

R. C. 4303.271, in part provides:

"* * * The holder of a permit issued under sections 4303.02 to 4303.23 of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal thereof and the department of liquor control shall renew the permit unless the department rejects for good cause any such application, subject to the right of the applicant to appeal such rejection to the liquor control commission."

R. C. 119.12 provides for appeal to this court by parties adversely affected by an agency adjudication "* * * denying the * * * renewal of a license * * *," and in part reads:

"The court shall conduct a hearing on such appeal * * *. The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. * * *

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

Good cause is a term often employed in the law and courts have not infrequently been called upon to define the term in a variety of situations. This court agrees with those who have said that the interpretation of this phrase depends upon the circumstances of the particular case as judged by the court to which decision is committed. It should always be a substantial or legal cause as distinguished from an assumed or imaginary pretense, and in liquor license cases the act complained of should be one

which adversely affects public decency, sobriety, and good order in itself.

Judging the whole record this court must find that although the evidence is reliable and probative in establishing that a parent corporation of two corporate permit holders has been convicted of a felony the evidence is utterly lacking in any substance which adversely affects public decency, sobriety, and good order either collectively or singly. Here affirmance of the order would adversely affect public decency because in effect, it prohibits from the conduct of a legitimate business a host of persons who have demonstrated an uncommon ability to carry on a licensed activity lawfully over the years because of illegal acts charged to a single corporate officer of unblemished reputation whose death prevented him from confronting his accusers or personally explaining the matters for which his corporation was convicted, and no other officer, employee, or stockholder of Emprise is shown to have any knowledge whatever of the acts charged to Emprise in the California court. For these reasons the court cannot find that upon the whole record, the Commission's order is supported by "reliable, probative, and substantial evidence." See *In re Appeal of Pollak* (1962), 89 Ohio Law Abs. 112, 182 N. E. 2d 69, where felony conviction voidable for lack of due process was insufficient to revoke pharmacist's license.

Accordingly, counsel may prepare an appropriate judgment entry reversing the order of the Liquor Control Commission, effective May 2, 1975, rejecting appellant's applications for renewal of the permits involved in this appeal, and directing the Commission to renew said permits, all at the costs of the appellee.

*Order reversed.*