

# The Attorney General of Texas

December 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
County Attorney for Harris County
1001 Preston
Houston, Texas 77002

Opinion No. H-1315

Re: Service of process
in forcible entry and de-
tainer suits

Dear Mr. Resweber:

You have requested our opinion regarding the service of process in a forcible entry and detainer suit. You have asked

> 1. Is the manner of service prescribed in Rule 742 exclusive or may substitute service be utilized in the manner prescribed by Rules 106 and 109?

> 2. In effecting service under Rule 742 on any person over the age of sixteen years at the usual place of abode of the defendant, is the officer under a duty to determine that the person being served is not a privy of the plaintiff?

The procedure to be followed in forcible entry and detainer suits (FED) is that set out in Rules 738-755, Texas Rules of Civil Procedure. The civil statutes relating to FED actions are found in Title 64, articles 3973 - 3994, V.T.C.S. The essential purpose of an FED suit is to effect a speedy determination of the right to possession of real property. It is a special proceeding governed by special statutes and rules. Haginas v. Malbis Memorial Foundation, 354 S.W.2d 368 (Tex. 1962).

Citation is served pursuant to Rule 742 which states:

> The officer receiving such citation shall execute the same by delivering a copy of it to the defendant, or by leaving a copy thereof with some person over the age of sixteen years, at his usual place of abode, at least six days before the return day thereof; and on or before the day assigned for trial he shall return such citation, with his action written thereon, to the justice who issued the same. Amended by order of Aug. 18, 1947, effective Dec. 31, 1947.

There is no provision in the Rules relating to FED suits allowing substitute service as is provided by Rules 106 and 109, T.R.C.P., which allow service at the defendant's place of business, by certified mail, by delivery to any one over 16 years of age at the defendant's usual place of abode, or "in any other manner which will be reasonably effective to give the defendant notice of the suit." T.R.C.P. 106. Rule 109 allows service by publication. Rule 523 provides that

> All rules governing the district and county courts [which includes Rules 106 and 109] shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules.

We believe that service of process under Rule 106 or 109 is unauthorized because the manner is "otherwise specifically provided" by Rule 742 which permits only two methods of service. See Cotterman v. Fahrig, 378 N.E.2d 742 (Ohio Ct. App. 1972) (taping citation to door was not one of two method of service provided in FED suits)

You next ask whether the officer is under a duty to determine whether the person served with process is a privy or agent of the plaintiff in the FED action. We believe that the officer must exercise due diligence in ascertaining that he is serving a person named in the citation to be served. Accord, T.R.C.P. 107 (return shall show diligence used). We believe that the substitute service on someone over the age of sixteen is valid only if the person served is at the defendant's usual abode and has some relationship to the defendant so that the service is reasonably calculated to notify the defendant of the lawsuit. See, Milliken v. Meyers, 311 U.S. 457 (1940); Sessions v. Price Drilling Co., 337 S.W.2d 368 (Tex. Civ. App. — Ft. Worth 1960, writ ref'd n.r.e.); Shaw v. Allied Financing Co., 330 S.W.2d 690 (Tex. Civ. App. — Dallas 1959)rev'd on other grounds, 337 S.W.2d 107 (Tex. 1960); American Spiritualist Ass'n v. Ravkind, 313 S.W.2d 121 (Tex. Civ. App. — Dallas 1958, writ ref'd, n.r.e.). Service on an agent of the plaintiff is probably invalid for two reasons. First, the person served with the substitute service must be at the defendant's usual place of abode which the court have often construed to mean residing with the defendant. Shaw v. Allied Financing Co., supra; Sessions v. Price Drilling Co., supra. Second, service upon one whose interest is adverse to the defendant denies due process as it is a manner not reasonably calculated to give the defendant actual notice of the suit.

## SUMMARY

Service of process in Forcible Entry and Detainer suits must be pursuant to Rule 742, Tex. Rules Civ. Proc. Service of plaintiff's agent may render service invalid.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn