Honorable Joe Resweber County Attorney for Harris County 1001 Preston Houston, Texas 77002
Re: Service of process in forcible entry and detainer suits
Dear Mr. Resweber:
You have requested our opinion regarding the service of process in a forcible entry and detainer suit. You have asked
 1. Is the manner of service prescribed in Rule 742 exclusive or may substitute service be utilized in the manner prescribed by Rules 106 and 109?
 2. In effecting service under Rule 742 on any person over the age of sixteen years at the usual place of abode of the defendant, is the officer under a duty to determine that the person being served is not a privy of the plaintiff?
The procedure to be followed in forcible entry and detainer suits (FED) is that set out in Rules 738-755, Texas Rules of Civil Procedure. The civil statutes relating to FED actions are found in Title 64, articles 3973-3994, V.T.C.S. The essential purpose of an FED suit is to effect a speedy determination of the right to possession of real property. It is a special proceeding governed by special statutes and rules. Haginas v. Malbis Menorial Foundation, 354 S.W.2d 368 (Tex. 1962).
Citation is served pursuant to Rule 742 which states:
 The officer receiving such citation shall execute the same by delivering a copy of it to the defendant, or by leaving a copy thereof with some person over the age of sixteen years, at his usual place of abode, at least six days before the return day thereof; and on or before the day assigned for trial he shall return such citation, with his action written thereon, to the justice who issued the same. Amended by order of Aug. 18, 1947, effective Dec. 31, 1947.
There is no provision in the Rules relating to FED suits allowing substitute service as is provided by Rules 106 and 109, T.R.C.P., which allow service at the defendant's place of business, by certified mail, by delivery to any one over 16 years of age at the defendant's usual place of abode, or `in any other manner which will be reasonably effective to give the defendant notice of the suit.' T.R.C.P. 106. Rule 109 allows service by publication. Rule 523 provides that
 All rules governing the district and county courts [which includes Rules 106 and 109] shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules.
We believe that service of process under Rule 106 or 109 is unauthorized because the manner is `otherwise specifically provided' by Rule 742 which permits only two methods of service. See Cotterman v. Fahrig, 378 N.E.2d 742 (Ohio Ct.App. 1972) (taping citation to door was not one of two method of service provided in FED suits)
You next ask whether the officer is under a duty to determine whether the person served with process is a privy or agent of the plaintiff in the FED action. We believe that the officer must exercise de diligence in ascertaining that he is serving a person named in the citation to be served. Accord, T.R.C.P. 107 (return shall show diligence used). We believe that the substitute service on someone over the age of sixteen is valid only if the person served is at the defendant's usual abode and has some relationship to the defendant so that the service is reasonably calculated to notify the defendant of the lawsuit. See, Milliken v. Meyers, 311 U.S. 457 (1940); Sessions v. Price Drilling Co.,337 S.W.2d 368 (Tex.Civ.App.-Ft. Worth 1960, writ ref'd n.r.e.); Shaw v. Allied Financing Co., 330 S.W.2d 690 (Tex.Civ.App.-Dallas 1959) rev'd on other grounds, 337 S.W.2d 107 (Tex. 1060); American Spiritualist Ass'n v. Ravkind, 313 S.W.2d 121
(Tex.Civ.App.-Dallas 1958, wirt ref'd, n.r.e.). Service on an agent of the plaintiff is probably invalid for two reasons. First, the person served with the substitute service must be at the defendant's usual place of abode which the court have often construed to mean residing with the defendant. Shaw v. Allied Financing Co., supra; Sessions v. Price Drilling Co., supra. Second, service upon one whose interest is adverse to the defendant denies due process as it is a manner not reasonably calculated to give the defendant actual notice of the suit.
 SUMMARY
Service of process in Forcible Entry and Detainer suits must be pursuant to Rule 742, Tex. Rules Civ. Proc. Service of plaintiff's agent may render service invalid.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee