**SZABO, d.b.a. EVERGREEN ESTATES**

v.

**HUMPHREY.**

Wadsworth Municipal Court, Ohio.

No. 93–CVG–273.

Decided Dec. 3, 1993.

*Julius J. Szabo, pro se.*

*Barbara Humphrey, pro se.*

James L. Kimbler, Judge.

The plaintiff filed an action for forcible entry and detainer pursuant to R.C. 1923.01 *et seq.* The trial on the complaint was set for hearing on November 29, 1993. On that date, both parties appeared, but the plaintiff did not have a copy of the three-day notice required to be served pursuant to R.C. 1923.04. As a

result, the court continued the hearing on its own motion and also on the motion of the defendant, who wanted to consult with an attorney.

The new trial date was December 3, 1993. On December 1, 1993, the defendant filed a motion to dismiss on the following grounds:

1. Insufficiency of service of process;

2. Non-compliance with Civ.R. 10(A); and

3. Non-compliance with Civ.R. 11.

With regard to the first issue, the defendant argues that she was not served pursuant to Civ.R. 4.1 through 4.5 and, therefore, this court has not acquired personal jurisdiction over her.

■ It is undisputed that copies of the complaint and summons were served upon the defendant by taping them to her door. This is not proper service. Residence service can only be accomplished pursuant to Civ.R. 4.3 by leaving a copy of the complaint and summons with a person at the residence of the defendant. *Cotterman v. Fahrig* (1972), 55 Ohio App.2d 15, 9 O.O.3d 176, 378 N.E.2d 742.

Civ.R. 1 states that the Rules of Civil Procedure do not apply to actions for forcible entry and detainer where they would "by their nature be clearly inapplicable." *Cotterman* held that this provision does not apply to Civ.R. 4.3 because R.C. 1923.06(A) states that service in forcible entry and detainer actions shall be "served and returned as in other cases." Therefore, a plaintiff must serve a defendant pursuant to one of the methods allowed under Civ.R. 4.1 through 4.5.

■ Therefore, the defendant was not served properly. The question then becomes whether or not defendant's appearance in court on the first trial date of November 29, 1993, constitutes a waiver of the defense of insufficiency of service of process.

In forcible entry and detainer actions, a defendant is not required to file an answer or other responsive pleading. Defenses are raised by a defendant at trial. Since there is no opportunity for a defendant to raise defenses allowed under Civ.R. 12 prior to trial, appearing on the trial date should not constitute a waiver of such defenses. Among these defenses is insufficiency of service of process.

Furthermore, the court would note that it is not uncommon for defendants in forcible entry and detainer cases to appear at trial without counsel. Often, they request a continuance to consult with counsel, as was done in this case. To hold that an appearance by an uncounseled defendant in a forcible entry and detainer action constitutes a general appearance that subjects her to the personal jurisdiction of the court would be unfair.

Therefore, the court finds that it does not have personal jurisdiction over the defendant. As a result, the defendant's motion to dismiss is granted. Since the court is dismissing the action on the first ground listed above, it is not necessary for the court to rule on the other issues raised by the defendant's motion. Costs are taxed to the plaintiff.

*So ordered.*