[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Vermilion Municipal Court wherein the court denied appellant Gregory Baker's motion to vacate judgment. The facts giving rise to this appeal are as follows.
On August 18, 2000, appellee, David J. Henry, brought a forcible entry and detainer action against his tenants, appellants Greg and Deanna Baker, who leased a house owned by appellee and located at 1471 Forestview Drive in Vermilion, Ohio. On October 13, 2000, a hearing was held and appellants failed to appear. The court granted appellee an order of eviction and a writ of restitution. On November 17, 2000, the court granted judgment to appellee against appellant Greg Baker in the amount of $2,833.32. On November 13, 2001, appellant Greg Baker filed a "motion to vacate judgment and stay writ." The court denied his motion. Appellant Greg Baker now appeals setting forth the following assignments of error.
 "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANTS CIV.R.60(B) MOTION TO VACATE A DEFAULT JUDGMENT AS CONTAINED IN THE JOURNAL ENTRY DATED NOVEMBER 16, 2001 WITHOUT FIRST SCHEDULING AN EVIDENTIARY HEARING TO DETERMINE IF DEFENDANT HAD IN FACT RECEIVED SERVICE FROM THE PLAINTIFF.
 "II. THE TRIAL COURT ERRED IN AWARDING THE PLAINTIFF $2833.32 WITH INTEREST AT 10% PER ANNUAL FROM NOVEMBER 17, 2000 IN ITS JUDGMENT AGAINST DEFENDANT-APPELLANT AS CONTAINED IN THE JOURNAL ENTRY DATED NOVEMBER 17, 2000."
Appellant's two assignments of error will be addressed together. Appellant contends that the trial court erred in denying his motion to vacate judgment because he never received proper notice of the forcible entry and detainer action. {¶ 6} The only valid method of residence service in a forcible entry and detainer action is that set out in Civ.R. 4.1(C). Cotterman v. Fahrig (1972), 55 Ohio App.2d 15, syllabus. Pursuant to Civ.R. 4.1(C), "* * * [r]esidence service shall be effected by leaving a copy of the process and the complaint * * * at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." Therefore, valid service of process is presumed when such a person at the defendant's residence receives the summons. Ohio Civ. Rights Comm. v. First Am. Properties,Inc. (1996), 113 Ohio App.3d 233, 237.
The record in this case contains a return receipt for the complaint and summons that was sent to 1471 Forestview Drive in Vermilion. The return receipt was signed by a resident of 1471 Forestview and appellee's tenant, appellant Deanna Baker. Finding that appellant Greg Baker received proper service of process, his two assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Vermilion Municipal Court is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.