COTTERMAN *v.* FAHRIG ET AL.

(No. 6581—Decided July 13, 1971.)

Kettering Municipal Court.

*Mr. Michael J. Long,* for plaintiff.
*Mr. Christopher F. Carroll,* for defendant.

BERGER, J. This matter was before this court on July 9, 1971, for hearing on a motion to vacate a default judgment. The decision and entry of this court, of July 13, 1971, sustained the motion and held that the judgment should be, and it thereby was, suspended for failure to comply with the Ohio Rules of Civil Procedure pertaining to the service of process. This court, on its own motion, now reviews and reverses that decision of July 13, 1971, and sets forth the following reasons for doing so.

In order to understand the reasoning of the court, it is necessary to set forth a brief statement of the facts giving rise to the issues in this decision.

On April 16, 1971, a complaint was filed in the Kettering Municipal Court setting forth two causes of action. The first claim for relief sought the restitution of the premises owned by the plaintiff, Craig Cotterman, and situated at 2301 Acorn Drive, Kettering, Ohio. The second claim for relief sought recovery of rental that was allegedly unpaid by the defendants, in the amount of four hundred and fifteen dollars and for an amount equal to five dollars per day from the date of the filing of the complaint until the defendants vacated the premises.

The main issue in this motion to vacate is whether or not the service of process was, in this case, correct.

A check of the return made by the bailiff of the Kettering Municipal Court shows that on the 19th day of April, 1971, the bailiff of this court made residential service, in accordance with the praecipe filed by the plaintiff herein, and that this residential service was made by taping to the front door of the residence, situated at 2301 Acorn Drive, Kettering, Ohio, a copy of the complaint and summons.

Contained within the summons was the statement that the defendant was ordered to appear before the Kettering Municipal Court on the 27th day of April, 1971, at 10:00 a. m. to answer unto Craig Cotterman, plaintiff in this case, in the action for forcible detention of the premises which were the subject of this complaint.

On April 27, 1971, at 10:00 a. m., the plaintiff and his counsel appeared before the Kettering Municipal Court

and after a reasonable wait of some twenty-five minutes the defendant and/or his counsel had failed to appear and judgment was ordered by the court in accordance with the prayer of the first claim for relief as by default.

On April 30, 1971, a judgment entry was signed by an acting judge of this court and made a part of the record of this court by filing. On May 3, 1971, a writ of restitution was delivered to the bailiff, ordering him to cause the defendants to be forthwith removed from the premises and in accordance with that writ of restitution the bailiff did cause the personal property belonging to the defendants to be removed from the said premises on the 14th day of May to Miller's Auction Company, East Third Street, Dayton, Ohio.

On May 18, 1971, the defendant appeared in the Kettering Municipal Court to inquire as to the whereabouts of his property and he was informed that the property had been removed, that it was in the possession of Miller's Auction Company and that said removal had been made in compliance with a writ of restitution issued on May 3, 1971. The defendant, at that time, was advised that he could obtain his legal remedies by the proper filing of legal motions through a privately retained counsel, or in his own behalf; but the court, itself, could do nothing to assist him. It was not until June 29, 1971, some forty-two days later that the defendant filed a motion to vacate judgment and that motion was set for hearing as set forth herein above on July 13, 1971.

We come now to the issues raised by the defendants' motion to vacate the judgment rendered by this court on the first cause of action and we shall take them separately as they are set forth in the defendant's motion.

The first grounds for requesting that the judgment rendered in this court on April 30, 1971, be vacated is that the defendants were not served with process according to law, in that the summons was taped to the front door of the premises, and that this method of service does not comply with the Rules of Ohio Civil Procedure.

Inasmuch as the issues raised by this motion involve

the interpretation of and the application of the Rules of Civil Procedure, the court considers all of said issues in the light of Rule 1(B), "Construction," which is, "These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." It is the opinion of this court that this rule of construction must be followed when interpreting and deciding all issues raised with regard to these Rules of Procedure, as they are now applicable to civil cases.

We come next to Rule 1(C)3 and note that it clearly excepts forcible entry and detainer cases from the Rules of Civil Procedure, "to the extent that these rules would by their nature be clearly inapplicable. * * *" Based on Rule 1(C)3, we must then return to R. C. 1923.01 through 1923.14 which apply to the matters of forcible entry and detainer. There are two sections of this Code which relate specifically to service of notice upon the occupant of premises which allegedly are unlawfully detained. First, we have R. C. 1923.04 which provides for the three day notice to vacate the premises. This section provides specifically for the service of such notice to be either upon the defendant in person or by leaving it at his usual place of abode, or at the premises from which the defendant is sought to be evicted. We come now to R. C. 1923.06 which says that service of summons shall be served and returned as in other cases, and that this service must be three days before the day set for trial. Thus, it is clear that both of these sections create special time periods which actually speed up due process in forcible entry and detainer cases much beyond other regular civil matters.

Prior to the adoption of the Civil Rules of Procedure in 1970, we referred to R. C. 2703.08 to determine what method of service there was permissible and there we found that leaving a copy at his usual place of residence was permitted. The case law interpreting this section has clearly established that taping of the notice to the door, as was done in this case, would be sufficient to comply with the requirements of that section.

It is the opinion of this court that the Legislature of

the state of Ohio, when they adopted the new Rules of Civil Procedure, could not have intended to exempt the forcible entry and detainer action from the new Rules of Civil Procedure as they did in Rule 1(C)3 and refer us back to R. C. 1923.06 and then to come right back to the new Rules of Civil Procedure for determination of Rules for Service of Process. To follow this line of reasoning would be the same as a ping-pong game, that is, going from the Rules of Civil Procedure to the Ohio Revised Code and then back to the Rules of Civil Procedure and then back to the Ohio Revised Code, etc., thus we never actually could determine by what set of rules a plaintiff must proceed and upon what set of rules a court must pass to determine the propriety of service in a forcible entry and detainer case. It is, therefore, the opinion of this court that R. C. 1923.06, when it says service of summons shall be ''as in other cases,'' the court must use the rules of service that pertained at that time, to wit, R. C. 2703.08. These are the rules of service that must still prevail even though the Ohio Rules of Civil Procedure, as of July 1, 1970, would prevail in all other cases.

It is further the opinion of this court that the Legislature must have intended the old rules of service of process to remain in effect in forcible entry and detainer cases because to hold otherwise would be to actually defeat the purpose of forcible entry and detainer cases. It is basic in the law that the forcible entry and detainer action was set up to permit a landowner to recover possession of his premises with all possible speed after giving a three day notice to the occupant of those premises that he must vacate them. Speed of action being the essence of forcible entry and detainer, the Legislature provided for a three day notice to vacate the premises and then a hearing on the right of forcible entry and detainer not earlier than three days after the service of notice. It certainly was apparent that the right of possession of one's property was essential as a right of ownership and this is clearly protected by the Constitution, not only of the United States, but of the state of Ohio.

The law then goes on to further provide that a person

who wrongfully detains the property from the owner thereof, can be forcibly removed from the premises by the court in ten days after an entry has been prepared ordering his vacation of the premises. Thus, it is clear throughout the process of forcible entry and detainer that the right of speedy re-possession is an essential right protected by this entire field of the law.

By following the Ohio Rules of Civil Procedure for service of process as set forth in Rule 4.1(3), which we would be required to do as we are making service of process "as in other cases," the tenant would be legally permitted to delay the repossession of the premises by the landowner thereof for any length of time that he chose merely by avoiding residential service of process. Thus, where as here, the plaintiff requests residential service and the defendant chooses to remain away from his residence for a period of twenty-eight days the service of process could not be had upon him because no one would be there to accept that service as established in Rule 4.1(3) of the Rules of Civil Procedure. If the defendant were alert enough not to answer the door when a possible process server appeared at his door, and instructed all members of his family not to answer the door, he could totally avoid the right of repossession of the owner of the premises for at least twenty-eight days. The tenant could possibly obtain further extension of his time by causing the plaintiff to obtain service as set forth in the last sentence of Rule 4.1(3), to wit, the service of summons as set forth in 4.1(1) of the same rule. The clerk would then initiate service by certified mail and if the tenant elected not to accept the certified mail sent to his home, or to his post office address, the clerk would then receive a notice that the mail had not been accepted. The clerk would then be forced to notify the defendant by regular mail. All of this could involve at least an additional ten to fifteen days. Thus, the defendant in a forcible entry and detainer case could obtain an additional forty-five days of possession of real estate owned by someone else merely by clever avoidance of service of process. It could hardly be argued that this was the intent of the Legislature when they adopt-

ed the Ohio Civil Rules of Procedure and "excepted" forcible entry and detainer actions from those rules of procedure.

It is further the opinion of this court that the Ohio Rules of Civil Procedure were not intended to in any way affect a "substantive right" of a citizen of this state and in the opinion of this court the right of possession of real estate as guaranteed under the Constitution of the state of Ohio was not intended to be affected by these rules. It is further the opinion of this court that not only the right of possession of real estate is a substantive right, but the right of speedy *repossession* of those premises is also a substantive right and cannot be affected by rules of procedure.

In summary then, it is the opinion of this court that the rules of Ohio Civil Procedure for service of process do not alter the method of service of process as was established under the old methods used prior to the adoption of those rules and that service of process by taping to the front door of the defendant's premises was proper in this case and the defendant was properly removed from the premises when he failed to appear and/or defend this action brought against him.

For the foregoing reasons, the decision of this court dated July 13, 1971, is reversed and held for naught.

We come now to the further grounds for vacating the judgment as set forth in the defendants' motion of June 29, and we shall rule upon each one of them individually.

It is the opinion of this court that the defendant cannot complain about a judgment rendered against him because the plaintiff did not post the entire amount established as a deposit for costs at the same time. A check on the record of this case shows that the plaintiff did in fact deposit with the clerk of courts, ten dollars on April 16, and an additional ten dollars on April 20, 1971, making a total of twenty dollars having been deposited as security against costs. This in no way could affect the justice or the rights of the defendant in this case and the court holds that that ground is also without merit.

It is further the opinion of this court that ground

number three must be overruled inasmuch as the defendant is alleging that he should have had an additional time within which to answer or defend because of the service of process required under the Ohio Rules of Civil Procedure. This court has already carefully discussed that in the overruling of the first grounds for vacation hereinabove.

It is further the opinion of this court that there is no basis upon which to hold that the combination of claims for relief, as was done in this case, to wit, a claim for forcible entry and detainer, and a claim for unpaid rent and for rent until possession is returned to the owner, constitutes one cause of action and must be considered a "general civil action to be governed by the procedure applicable in civil cases." It is the opinion of this court that these are two separate actions combined in one complaint and this is clearly authorized, not only by the new Ohio Civil Rules of Procedure, but also by the old Rules of Pleading under the Ohio Revised Code.

It is further the opinion of this court that the grounds number four must be overruled, inasmuch as the judgment rendered on the first cause of action only granted the recovery of the premises and the judgment rendered on the second cause of action was for the amount allegedly due to the owner of these premises for unpaid rent during the pendency of these actions and up until the time of the filing of the action. This court is not aware of any statute governing such judgment which would allow only for the recovery of possession of the premises and costs of suit.

Grounds number five should be, and it hereby is, overruled because it is certainly not the intent of the Legislature to hold that when removing a tenant who unlawfully detains property that you must leave in those premises certain items exempted from execution. To hold thusly would be to defeat the intent of the forcible entry and detainer section of the Ohio Revised Code and would be purely and simply ridiculous, because if the defendants' contention were held to be the law, he could retain the tools of his trade at the premises owned by someone else and yet be evicted from those premises for all other purposes. This is clearly not the law.

We come now to grounds number six for the requested vacation of this judgment and find that said grounds should also be, and it hereby is, overruled. It is the opinion of this court that no rights of the defendants in these premises were in anyway violated by the acceptance of a deposit for the removal of the property belonging to the defendant from the premises owned by the plaintiff because that deposit was not sufficient to cover the ultimate costs involved. The rules of the Kettering Municipal Court establish a deposit of ten dollars per room and there is no way of knowing and no reasonable grounds to anticipate that a person living in a single family residence would possess some thirty thousand pounds of books and thereby bring about the almost phenomenal moving costs involved in this instant case. There is no reason to vacate a judgment simply because a security deposit for costs is not sufficient in amount when posted.

We come now to the last grounds for vacation as set forth in the supplemental motion to vacate judgment, filed on the 9th day of July, 1971, and find that that grounds must also be overruled because the right of the defendant had in no way been affected by the action complained of. It is the opinion of this court that, where as here, the service was made upon the defendant and the defendant having failed to appear himself, or by his counsel, and having failed to file an answer, motion, or other pleading, then the court was proper in awarding a judgment to the plaintiff who was present at the hearing with his counsel and the court could accept the allegations of the petition as true. It is further the opinion of the court that the fact that the complaint was not positively sworn to is no longer necessary by Rule 11 of the Ohio Rules of Civil Procedure pertaining to the "signing of pleadings" and that rule clearly establishes that "except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." This court finds nowhere in the Rules of Civil Procedure, or anywhere else, that the pleading or complaint in a forcible entry and detainer action must be verified, sworn to positively, or accompanied by an affidavit.

For the foregoing reasons, the judgment entry of this court dated April 30, 1971, and June 22, 1971, are hereby reaffirmed as the judgment of this court and any previous rulings of this court on those judgments are reversed.