JEMO ASSOCIATES, INC., APPELLEE, *v.* GARMAN, APPELLANT.

(No. 81-1444—Decided June 30, 1982.)

*Messrs. Meikle, Tesno & Luth* and *Mr. James Tesno,* for appellee.

*Ms. Sherri L. Katz, Ms. Louise McKinney, Ms. Carolyn L. Carter* and *Mr. Richard Gurbst,* for appellant.

CLIFFORD F. BROWN, J.   The initial question raised here is whether a counterclaim can be interposed in this action for possession under R. C. Chapter 1923, relating to forcible entry and detainer. The ultimate issue to be decided in this appeal is whether defendant-tenant stated a valid counterclaim when she sought no actual damages, only attorney's fees. We hold that a right to counterclaim did exist, but having failed to plead actual damages in her counterclaim, defendant-tenant did not state an actionable cause.

## I.

Plaintiff brought these proceedings in forcible entry and

detainer alleging defendant-tenant was holding over her term, having breached several obligations imposed upon her by the written rental agreement. See R. C. 1923.02(A)(1) and (9). As stated in R. C. 1923.061(A), any defense to a forcible entry and detainer action may be asserted at trial, and a counterclaim may be interposed "[i]n an action for possession of residential premises based upon nonpayment of the rent or in an action for rent when the tenant is in possession * * *." R. C. 1923.061(B).

In this action, not one based upon nonpayment of rent, or seeking back rent, defendant sought to raise a counterclaim. The trial court, considering R. C. 1923.061(B) alone, held her counterclaim inappropriate and dismissed it. In so doing, the trial court failed to consider Civ. R. 13, which grants the right to compulsory and permissive counterclaims against any opposing party. We do not consider that rule by its nature "clearly inapplicable" to procedure in forcible entry and detainer. Nor does R. C. 1923.061(B) by its language bar counterclaims in situations other than actions for rent or based upon nonpayment of rent. Rather, that section merely serves to establish by order of the court "from time to time," a means of payment into the court of all rent, past due and accruing during the pendency of the action, from which any eventual net judgment may be satisfied. The legislative intent underlying R. C. 1923.061 was not to bar counterclaims in actions outside the scope of that section, but to preserve the tenant's right to possession and guarantee the existence of a fund to settle the various claims.

Finally, R. C. 1923.081,[5] enacted in the same bill with R.C. 1923.061, appears to contemplate the possibility of counterclaims in any action in forcible entry and detainer for residential premises. It permits joinder of causes of action for possession, past rent due, damages, and counterclaims raised by defendant, in one trial.

---

[5] R. C. 1923.081 provides, in relevant part:

"A trial on an action in forcible entry and detainer for residential premises * * * pursuant to Chapter 1923 of the Revised Code may also include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement, unless for good cause shown the court continues the same. * * * If, at the time of the trial, the defendant has filed an answer or counterclaim, the trial may proceed on the claims of the plaintiff and the defendant."

The Court of Appeals correctly concluded that a counterclaim may be raised in any action in forcible entry and detainer, as authorized in Civ. R. 13.[6] Nevertheless, the appellate court affirmed the decision of the trial court in dismissing the counterclaim, holding that defendant's "so-called 'counterclaim' " was not one on which defendant could recover.

## II.

The counterclaim held insufficient by the Court of Appeals consisted of a restatement of the affirmative defense of retaliation authorized in R. C. 5321.02. The statement, which substantially paraphrases R. C. 5321.02(A)(1) through (3), included no allegations of health and safety violations, or other breach of the landlord's obligations which could conceivably cause defendant to suffer damages. The defense merely alleged that she had complained of such conditions. Significantly, in response to plaintiff's interrogatories, defendant stated that she would not be presenting evidence on health, safety, or other violations by the landlord at trial. Defendant's affirmative defense therefore reduces to the allegation that the eviction action was instituted after defendant met with other tenants to discuss complaints about conditions and maintenance. The counterclaim alleged no actual damages resulting from the alleged retaliatory action, merely seeking "attorney's fees as provided in [R. C.] 5321.02(B)(3)."

R. C. 5321.02(B) provides:

"If a landlord acts in violation of division (A) of this section [by retaliating against a tenant who complains of conditions or joins with other tenants to negotiate or deal collectively with the landlord] the tenant may:

"(1) Use the retaliatory action of the landlord as a defense to an action by the landlord to recover possession of the premises;

"(2) Recover possession of the premises; or

"(3) Terminate the rental agreement.

*"In addition, the tenant may recover from the landlord any actual damages together with reasonable attorneys' fees."* (Emphasis added.)

---

[6] Whether the particular counterclaim in this case is compulsory under Civ. R. 13(A) or permissive under Civ. R. 13(B) was not briefed by the parties, and the resolution of the question is not necessary to our decision.

The language of R. C. 5321.02(B) expressly conditions the award of attorney's fees on a finding that the tenant suffered actual damages. By seeking attorney's fees in her counterclaim without claiming that any actual damages were incurred as the result of the landlord's alleged retaliatory conduct, defendant's pleading failed to satisfy the requirements of Civ. R. 8(A) governing claims for relief. That rule provides:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim *showing that the pleader is entitled to relief,* and (2) *a demand for judgment for the relief to which he deems himself entitled.* Relief in the alternative or of several different types may be demanded." (Emphasis added.)

Defendant's counterclaim set forth no grounds on which relief could be granted. Her failure to allege actual damages precluded judgment in her favor on the claim of retaliatory conduct.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.