**HANEY, Appellant,**

v.

**ROBERTS et al., Appellees.**

[Cite as *Haney v. Roberts* (1998), 130 Ohio App.3d 293.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 97 CA 2515.

Decided Feb. 10, 1998.

*Southeastern Ohio Legal Services* and *Laura S. Mann,* for appellant.

*Mark E. Kuhn,* for appellees.

PETER B. ABELE, Judge.

This is an appeal from a Portsmouth Municipal Court judgment dismissing a complaint filed by Danielle Haney, plaintiff below and appellant herein, against Kenneth and Tammy Roberts, defendants below and appellees herein.

Appellant assigns the following errors:

"First Assignment of Error:

"Ms. Haney's claims are not barred since Civ.R. 13(A) is clearly inapplicable to forcible entry and detainer actions seeking only restitution."

"Second Assignment of Error:

"Ms. Haney's claims are not barred since *res judicata* is inapplicable here."

On February 4, 1997, appellant filed the instant action alleging that appellees, her former landlords, had failed to properly maintain the rental premises. In the five counts of her complaint, appellant alleged that appellees (1) breached the oral month-to-month rental agreement, (2) negligently and/or intentionally failed to comply with statutory and county code obligations, (3) willfully and/or negligently failed to correct the conditions of disrepair with malice and reckless disregard for appellant's health and safety, (4) failed to fulfill their obligations under the rental agreement, and (5) violated their obligations under R.C. 5321.04.

On March 27, 1997, appellees filed a motion to dismiss the action pursuant to Civ.R. 12(B)(1), 12(B)(6), and 13(A). In a memorandum in support of the motion, appellees noted that all five of the counts in the complaint arose out of the landlord-tenant relationship that was involved in a forcible entry and detainer action filed by appellees against appellant in Portsmouth Municipal Court case No. 96CVG1540. Appellees claim that Civ.R. 13(A), the compulsory counterclaim rule, required appellant to raise her claims in that forcible entry and detainer action. Appellees further claim that because appellant did not raise her claims in that action, the doctrine of *res judicata* bars her from raising the claims in this action. Appellees cited *Maduka v. Parries* (1984), 14 Ohio App.3d 191, 14 OBR 209, 470 N.E.2d 464, in support of this argument.

On April 4, 1997, appellant filed a memorandum opposing appellees' motion to dismiss. In the memorandum, appellant raised the following arguments: (1) the doctrine of *res judicata* only applies when the parties had a full and fair opportunity to litigate all their claims in the prior action, (2) the forcible entry and detainer action was dismissed before appellant had a full twenty-eight days as required by Civ.R. 12 to answer the complaint and file any counterclaims, and (3) R.C. 1923.03 specifically provides that forcible entry and detainer actions "are not a bar to later action brought by either party." Appellant distinguished *Maduka* from the case *sub judice* by noting that the prior action in *Maduka* was

not only an action for forcible entry and detainer, but also an action for damages. In the case *sub judice,* appellees' prior action was merely an action for forcible entry and detainer.

On April 30, 1997, the trial court entered judgment granting appellees' motion to dismiss. The trial court wrote as follows:

"This matter came on before the Court on defendant's Motion to dismiss said cause pursuant to doctrine of *res judicata.*

"The Court finds that on December 12, 1996, defendants brought an action against the plaintiff in forcible entry and detainer seeking no damages in that action.

"The Court further finds that on January 9, 1997, the matter was ordered dismissed as moot, for the reason that Danielle Haney had vacated the premises.

"[The Court] * * * finds said motion to be well taken, and hereby ORDERS this case be dismissed at plaintiff's costs based upon the doctrine of *res judicata.*"

Appellant filed a timely notice of appeal from the trial court's April 30, 1997 judgment.

I

In her first assignment of error, appellant asserts that the trial court erred by dismissing her complaint. In support of this assertion, appellant argues that Civ.R. 13(A), the compulsory counterclaim rule, is not applicable to forcible entry and detainer actions in which the plaintiff seeks only restitution of the premises.

For many reasons, we agree with appellant that Civ.R. 13(A) is not applicable to forcible entry and detainer actions[1] in which the plaintiff seeks no money

---

1. Forcible entry and detainer actions pursuant to R.C. Chapter 1923 provide a summary procedure for landlords to recover possession of real property. See *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 130–131, 21 O.O.3d 81, 82–83, 423 N.E.2d 177, 179.

In White, Ohio Landlord Tenant Law (1997) 288–289, Section 13.2, the author described the R.C. Chapter 1923 forcible entry and detainer action as follows:

"Most tenants are evicted from leased premises pursuant to the statutory proceeding called forcible entry and detainer. This procedure is governed by Chapter 1923 of the Ohio Revised Code. A forcible entry and detainer action is a statutory remedy which provides a summary method for a landlord to obtain restitution of the leased premises. A summary proceeding is one where the trial is conducted promptly and simply, without the aid of a jury and without strict observance of all the rules which normally govern civil proceedings. In *Carroll v. O'Connor [O'Conner][* (1874), 25 Ohio St. 617], the Ohio Supreme Court stated: 'The action of forcible entry and detainer, or of forcible detention only, is intended to be a speedy and summary mode for the recovery, in the cases specified in the statute, of lands and tenements.' Another case, *Cotterman v. Fahrig* [ (M.C.1971), 28 Ohio Misc. 237, 57 O.O.3d 481, 277 N.E.2d

damages. Civ.R. 1(C) provides that rules inconsistent with forcible entry and detainer actions shall not apply to those actions:

"(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in forcible entry and detainer * * *."

In our view, due to the nonsummary nature of the Civ.R. 13(A) compulsory counterclaim rule and due to the summary nature of the forcible entry and detainer statutes, the rule is clearly inapplicable to actions brought pursuant to the statutes.

We note that Civ.R. 13(A) requires defendants to assert counterclaims that arise out of the same transaction or occurrence as the main claim. The rule provides:

"(A) Compulsory counterclaims. A pleading shall state as a counterclaim to any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

According to Civ.R. 13(A), if a defendant fails to assert a compulsory counterclaim, the defendant may not assert the claim in a later action.

One of the forcible entry and detainer statutes, R.C. 1923.03, directly conflicts with Civ.R. 13(A). The statute provides as follows:

"Judgments under this chapter are not a bar to a later action brought by either party."

In *Reck v. Whalen* (1996), 114 Ohio App.3d 16, 682 N.E.2d 721, the court noted that R.C. 1923.03 protects a tenant's counterclaim from the doctrines of *res judicata* and collateral estoppel even though the landlord's forcible entry and detainer action is moot. In *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.* (1994), 96 Ohio App.3d 475, 645 N.E.2d 159, the court held that although a defendant's voluntary vacation of the premises renders a forcible entry and detainer appeal moot, due to R.C. 1923.03 the defendant's counterclaims survive. In *Great Lakes Mall, Inc. v. Deli Table, Inc.* (Sept. 16, 1994), Lake App. No. 93–L–154, unreported, 1994 WL 587559, the court held that pursuant to R.C. 1923.03, a forcible entry and detainer judgment does not bar a later action between the

466, reversed (1972), 55 Ohio App.2d 15, 8 O.O.3d 142, 378 N.E.2d 742] stated: 'It is basic in the law that the forcible entry and detainer action was set up to permit a landowner to recover possession of his premises with all possible speed after giving a three day notice to the occupant of those premises that he must vacate them.' "

same parties and arising out of the same subject matter.[2]  In *Seventh Urban, Inc. v. Univ. Circle* (1981), 67 Ohio St.2d 19, 25, 21 O.O.3d 12, 16, 423 N.E.2d 1070, 1075, fn. 11, the court cited R.C.1923.03 and noted that forcible entry and detainer actions decide the right to immediate possession of the property "and nothing else."  Accord *John D. Tonkovich & Son, Inc. v. N. Am. Coal Corp.* (Dec. 30, 1981), Belmont App. No. 81–B–7, unreported, 1981 WL 2700.

The Ohio Supreme Court, when holding that other Civil Rules are clearly inapplicable to forcible entry and detainer actions, has focused on the summary nature of such actions.  In *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 21 O.O.3d 81, 423 N.E.2d 177, the court commented about the summary purpose of forcible entry and detainer actions:

"Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceedings in which 'any judge of a county court' may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord.  This is a civil remedy provided by statute and intended to affect only the question of the present right to possess real property. *The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate* in the cases especially enumerated by statute.'  24 Ohio Jurisprudence 2d 455, Forcible Entry and Detainer, Section 2.

"*The purpose of the forcible entry and detainer statutes is to provide immediate possession of real property.*" (Emphasis added.)  *Id.,* 67 Ohio St.2d at 130–131, 21 O.O.3d at 82–83, 423 N.E.2d at 178–179.

In *Cuyahoga Metro. Hous. Auth.,* the court held that due to the summary nature of forcible entry and detainer actions, Civ.R. 53(E) and 54(B) by their nature are clearly inapplicable to such proceedings.  For the same reason, in *State ex rel. GMS Mgt. Co., Inc. v. Callahan* (1989), 45 Ohio St.3d 51, 543 N.E.2d 483, the court held that Civ.R. 52 is inapplicable to forcible entry and detainer actions.  In *Colonial Am. Dev. Co. v. Griffith* (1990), 48 Ohio St.3d 72, 549 N.E.2d 513, the court held that the automatic stay provision of Civ.R. 53(E)(7) is inapplicable to forcible entry and detainer actions.  Additionally, we note that in *Larson v. Umoh* (1986), 33 Ohio App.3d 14, 16, 514 N.E.2d 145, 147, quoting *Hous. Auth., supra,* 67 Ohio St.2d at 131, 21 O.O.3d at 83, 423 N.E.2d at 179, the court held that Civ.R. 60(B) should not be applied to forcible entry and detainer cases "when it disrupts the statutory purposes of R.C. Chapter 1923, *i.e.,* 'to

---

2.  We acknowledge that in *Great Lakes Mall, Inc.* the court held that a forcible entry and detainer action bars relitigation of *issues* that were actually and necessarily decided in that action.  In the case *sub judice,* we note that no issues were litigated in the forcible entry and detainer action.

provide a summary, extraordinary, and speedy method for the recovery of possession of real estate.' "

When examining the applicability of the Civil Rules to summary proceedings analogous to forcible entry and detainer actions, courts have focused on the need to preserve the summary nature of the proceedings. In *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 653 N.E.2d 659, the court commented that "it is evident that R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action." In *O'Connor v. Moore* (Mar. 2, 1993), Adams App. No. 92 CA 525, unreported, 1993 WL 63453, we noted that the summary nature of small claims actions precludes the normal twenty-eight-day time period for filing answers and counterclaims. We reasoned as follows that the compulsory counterclaim rule, Civ.R. 13(A), should not apply to small claims defendants:

"Because time for a hearing is set at the commencement of the small claims action and responsible pleadings are not provided for under the applicable provisions of R.C. Chapter 1925, it would appear that the harsh consequences of Civ.R. 13(A) should not be applicable to small claims proceedings, where defendants are not afforded the normal twenty-eight day period to frame a response."

In *Puckett v. Osborne* (June 28, 1979), Franklin App. No. 78AP–866, unreported, the court noted that although Civ.R. 13(A) requires a compulsory counterclaim to be set forth in a pleading, the small claims statutes do not require a responsive pleading.

In light of the fact that the Ohio Supreme Court, when holding that other Civil Rules are clearly inapplicable to forcible entry and detainer actions, has focused on the summary nature of such actions, we must likewise focus on the summary nature of such actions. In light of the fact that decisions examining the applicability of the civil rules to summary proceedings analogous to forcible entry and detainer actions have focused on the need to preserve the summary nature of the proceedings, we must likewise focus on the need to preserve that summary nature.

We agree with appellant that application of Civ.R. 13(A) to forcible entry and detainer actions would severely impede the summary nature of such actions. Although Civ.R. 13(A) requires a compulsory counterclaim to be set forth in a pleading, the forcible entry and detainer statutes do not require a responsive pleading. For that reason, Civ.R. 13(A) should be inapplicable to forcible entry and detainer actions. Indeed, in the case *sub judice*, appellant notes that the court dismissed the forcible entry and detainer action *before* the time period for filing a Civ.R. 13(A) compulsory counterclaim had expired.

In *Smith v. Wright* (1979), 65 Ohio App.2d 101, 19 O.O.3d 59, 416 N.E.2d 655, the court wrote that even after joinder, a forcible entry and detainer action and a

suit for damages arising from the landlord-tenant relationship remain two distinct causes of action:

"Although forcible entry and detainer is a summary proceeding and a suit for damages is a regular civil proceeding, the joinder of these two causes of action is specifically provided for by R.C. 1923.081. The original complaint filed below charged two causes of action, the first being an action in forcible entry and detainer, and the second being an action for back rent due." (Footnote omitted.) *Id.* at 103, 19 O.O.3d at 61, 416 N.E.2d at 657.

The *Smith* court noted that the two causes of action remain subject to separate procedural rules:

"However, the September 20, 1978 judgment of the trial court determined only the first cause of action, *i.e.,* forcible entry and detainer. It could not have determined the claim for back rent since the 28 days allotted by Civ.R. 12(A)(1) for answering a complaint had not yet run at that time. The trial court could not enter judgment in the matter prior to the answer date." *Id.,* 65 Ohio App.2d at 103, 19 O.O.3d at 61, 416 N.E.2d at 658.

The *Smith* court concluded that although R.C. 1923.081 specifically permits joinder of forcible entry and detainer actions with related suits for damages, the General Assembly did not intend joinder to alter the summary nature of forcible entry and detainer actions.[3]

The language of R.C. 1923.081, the joinder statute relating to forcible entry and detainer actions, supplies another reason why Civ.R. 13(A) should be inapplicable to forcible entry and detainer actions. The statute provides:

"A trial in an action for forcible entry and detainer for residential premises, or for a storage space at a self-service storage facility, as defined in division (A) of section 5322.01 of the Revised Code, pursuant to this chapter *may* also include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement, unless for good cause shown the court continues the trial on those claims." (Emphasis added.)

The statute uses the permissive word "may" rather than the mandatory word "shall." At least two Ohio appellate courts have held that R.C. 1923.081 evidences a legislative intent to make joinder of suits for damages permissive, not mandatory. In *Marvin v. Stemen* (1980), 68 Ohio App.2d 26, 29, 22 O.O.3d 16, 18, 426 N.E.2d 205, 207, the court noted that the plaintiff in a forcible entry and detainer action may bring related claims in another action. In *Stewart v.*

---

3. In an effort both to preserve the summary nature of forcible entry and detainer actions and to permit joinder of related suits for damages, the *Smith* court held that Civ.R. 54(B), the rule limiting piecemeal appeals, is inapplicable to forcible entry and detainer actions.

*McWilliams* (Nov. 20, 1975), Cuyahoga App. No. 34694, unreported, the court held that joinder under R.C. 1923.081 is permissive, not mandatory. The fact that the R.C. 1923.081 joinder statute is permissive compels the conclusion that Civ.R. 13(A), the compulsory counterclaim rule, is clearly inapplicable to forcible entry and detainer actions.

Appellees cite *Jemo Assoc., Inc. v. Garman* (1982), 70 Ohio St.2d 267, 24 O.O.3d 358, 436 N.E.2d 1353, *Sherman v. Pearson* (1996), 110 Ohio App.3d 70, 673 N.E.2d 643, and *Maduka v. Parries*, 14 Ohio App.3d 191, 14 OBR 209, 470 N.E.2d 464, for the proposition that Civ.R. 13(A) applies to forcible entry and detainer actions. We can, however, distinguish those cases from the case *sub judice*. In *Jemo Assoc., Inc.*, the court held that counterclaims may be interposed in forcible entry and detainer actions, but did not hold that counterclaims *must* be interposed in such actions. At footnote 6, the court left open the question of whether the counterclaim in that action was permissive or mandatory:

"Whether the particular counterclaim in this case is compulsory under Civ.R. 13(A) or permissive under Civ.R. 13(B) was not briefed by the parties, and the resolution of the question is not necessary to our decision." *Id.,* 70 Ohio St.2d at 271, 24 O.O.3d at 360, 436 N.E.2d at 1355, fn. 6.

In *Sherman* and *Maduka*, unlike in the case *sub judice*, the landlord joined the forcible entry and detainer action with a suit for back rent. Although Civ.R. 13(A) is inapplicable to the forcible entry and detainer action, it is applicable to the suit for back rent. When a landlord sues for back rent, the tenant has a Civ.R. 13(A) duty to assert any compulsory counterclaims in the action for back rent.

In summary, we hold that if a landlord files an action for forcible entry and detainer and does not join that action with any other action, the tenant need not file any counterclaims. Civ.R. 13(A) does not apply in forcible entry and detainer actions to require tenants to assert compulsory counterclaims. Pursuant to R.C. 1923.081, the tenant may assert claims against the landlord in a later action. If, however, the landlord joins another action with the forcible entry and detainer action, Civ.R. 13(A) does apply to that other action and, consequently, the tenant must assert compulsory counterclaims.

Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error.

## II

In her second assignment of error, appellant asserts that the trial court erred by applying the doctrine of *res judicata* in the case *sub judice*. We agree

with appellant for the reasons we stated under the first assignment of error and for additional reasons.

Appellant cites *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, in which the court defined the doctrine of *res judicata* applicable in Ohio as follows:

"A valid, final judgment *rendered on the merits* bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Emphasis added.)

The doctrine does not apply unless the previous judgment was rendered on the merits. In the case *sub judice,* the previous forcible entry and detainer action ·was not rendered on the merits, but rather was declared moot. We emphasize that it appears that the moot declaration in the previous action occurred before the time expired during which appellant could have filed a counterclaim. Thus, the doctrine of *res judicata* does not bar appellant's counterclaim in the case *sub judice.*

■ Appellant argues that the applicability of the doctrine of *res judicata* cannot be decided during proceedings on a Civ.R. 12(B) motion to dismiss. In support of this argument, appellant cites *Shaper v. Tracy* (1995), 73 Ohio St.3d 1211, 654 N.E.2d 1268, and *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702. In *Shaper,* the court wrote:

"A motion to dismiss is not the proper method to resolve the question posited by the commissioner. According to *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703, *res judicata* is an affirmative defense. According to *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 594, 629 N.E.2d 446, 450, an affirmative defense must be raised and proved, and it usually does not affect the jurisdiction of the court. Further, according to *Freeman,* the court may not dismiss a case, via a motion to dismiss, on *res judicata* grounds." *Id.* at 1212, 654 N.E.2d at 1268.

In *Freeman,* the court reasoned:

"Civ.R. 8(C) designates *res judicata* as an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention *res judicata.* Accordingly, we hold that the defense of *res judicata* may not be raised by motion to dismiss under Civ.R. 12(B)." *Id.* at 109, 579 N.E.2d at 703.

In light of *Shaper* and *Freeman,* we agree with appellant that the trial court erred by granting appellees' motion to dismiss on *res judicata* grounds. See, also, *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18, 688 N.E.2d 506.

Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, P.J., and HARSHA, J., concur.