OPINION
Plaintiff-appellant, Tonya Carter, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary motion of defendants-appellees, Russo Realtors and Arthur and Nancy Russo (collectively, "defendant").
In 1994, plaintiff began renting an apartment from defendant on South Weyant Avenue in Columbus. On June 4, 1995, defendant sent an independent contractor to make some minor repairs to plaintiff's apartment. During the course of the repairs, plaintiff and William Woods, one of the workers at the apartment, became involved in a dispute. Woods told defendant that plaintiff had threatened him with a gun during the argument.
Shortly after the incident, defendant filed a complaint in the Franklin County Municipal Court seeking both plaintiff's eviction and back rent. Defendant cited the dispute between plaintiff and Woods, including plaintiff's gun threat, as reasons for seeking plaintiff's eviction. Plaintiff filed no responsive pleading to defendant's complaint and never asserted any counterclaims.
At trial on defendant's forcible entry and detainer claim, Woods rescinded his earlier statement that plaintiff threatened him with a gun, and plaintiff testified that she never threatened Woods. The magistrate thus found insufficient evidence to support defendant's forcible entry and detainer action and decided judgment should be entered for plaintiff. A judge of the municipal court adopted the magistrate's decision and entered judgment accordingly. Four days later, defendant voluntarily dismissed its remaining claim for back rent.
On August 8, 1996, plaintiff filed the present complaint in the Franklin County Court of Common Pleas, alleging that defendant's earlier forcible entry and detainer action was initiated and premised on plaintiff's race, in violation of R.C.4112.02(H) and various federal statutes. The trial court granted defendant's summary judgment motion, finding plaintiff's claims were compulsory counterclaims that should have been asserted pursuant to Civ.R. 13(A) in the earlier forcible entry and detainer action. Because the claims were not raised in that action, the trial court determined they were barred.
Plaintiff appeals, assigning the following error:
 THE TRIAL COURT ERRED IN HOLDING THAT HOUSING DISCRIMINATION CLAIMS ARE COMPLUSORY COUNTERCLAIMS TO FORCEIBLE ENTRY AND DETENTION [sic] ACTIONS, CONTRARY TO OHIO STATUTE (O.R.C. 1923.03) AND CASE LAW THAT INDICATES THAT A TENANT'S CLAIM AGAINST A LANDLORD ARE NOT COMPULSORY COUNTERCLAIMS TO EVICTION ACTIONS.
In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial.Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986],477 U.S. 317, approved and followed).
Plaintiff's single assignment of error asserts the trial court erroneously applied Civ.R. 13(A) to plaintiff's claims against defendant, because Civ.R. 13(A) is clearly inapplicable to forcible entry and detainer actions. Civ.R. 13(A), governing compulsory counterclaims, provides:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
The rule, like the doctrine of res judicata, is a rule of procedure designed to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action. Rettig Ent., Inc. v. Koehler (1994), 68 Ohio St.3d 274,278; Keeley Assoc., Inc. v. Integrity Supply, Inc. (1997),120 Ohio App.3d 1, 6. Failure to assert a compulsory counterclaim acts as a bar to litigating the counterclaim in a separate lawsuit. Id.; Osborn Co. v. Ohio Dept. of Adm. Serv. (1992),80 Ohio App.3d 205, 210.
Whether Civ.R. 13(A) applies to forcible entry and detainer cases is determined by Civ.R. 1(C), which states that "[t]hese rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in forcible entry and detainer (actions) * * *." The Ohio Supreme Court has stated that Civ.R. 13 is not "`clearly inapplicable' to procedure in forcible entry and detainer" cases. Jemo Assoc., Inc. v. Garman
(1982), 70 Ohio St.2d 267, 270. Similarly, various courts of appeal of this state have also determined that Civ.R. 13 applies in forcible entry and detainer proceedings. Maduka v. Parries
(1984), 14 Ohio App.3d 191, 192 (citing Jemo for the proposition);Sherman v. Pearson (1996), 110 Ohio App.3d 70, 72; McCord v. Costy
(Dec. 7, 1987), Clermont App. No. CA-87-05-036, unreported (citingJemo).
While Jemo determined that a counterclaim may be asserted in a forcible entry and detainer action, Jemo did not address whether compulsory counterclaims must be asserted. In that regard, plaintiff notes Haney v. Roberts (1998), 130 Ohio App.3d 293, which found Civ.R. 13(A) inapplicable to forcible entry and detainer actions when the plaintiff in that action seeks only eviction. If, however, a landlord also "sues for back rent, the tenant has a Civ.R. 13(A) duty to assert any compulsory counterclaims in the action for back rent." Haney, at 300.
Haney is consistent with the statutes governing forcible entry and detainer actions, and in particular, R.C. 1923.03, which provides that "[j]udgments under this chapter are not a bar to a later action brought by either party." The statute, then, not only releases a plaintiff from the obligation to bring in one lawsuit all related claims, but releases a defendant from asserting what otherwise would be deemed a compulsory counterclaim: it specifically states that the failure to assert such a claim does not bar a later action by either party. To apply Civ.R. 13(A) to actions under R.C. Chapter 1923 would directly contradict R.C.1923.03. As a result, by its nature Civ.R. 13(A) does not apply to forcible entry and detainer actions. Civ.R. 1(C).
Moreover, Jemo is consistent with both R.C. 1923.03 andHaney. The syllabus of Jemo states that a "counterclaim may be interposed in any action in forcible entry and detainer, as authorized by Civ.R. 13." Jemo, paragraph one of the syllabus. The syllabus language is significant for its two omissions. Initially, the syllabus language does not purport to apply Civ.R. 13(A), but rather references Civ.R. 13 generally, which includes both compulsory and permissive counterclaims. See Civ.R. 13(A) and (B). Moreover, the syllabus language does not require that a counterclaim be interposed in a forcible entry and detainer action, but rather allows it. Interpreted to permit, but not require a counterclaim in a forcible entry and detainer action,Jemo is consistent with R.C. 1923.03, which similarly does not require that a defendant interpose related claims, but allows a later action in which those claims may be asserted.
Plaintiff nonetheless relies on Maduka, Sherman, andMcCord in support of his contention that Civ.R. 13(A) applies to actions under R.C. Chapter 1923. Sherman, Maduka, and McCord were all cases that involved forcible entry and detainer actions coupled with claims for money damages. In those cases, the courts applied Civ.R. 13 and held that the tenant's claims in the second suit were compulsory counterclaims that had to be asserted in the underlying forcible entry and detainer action or be barred. While we agree that Civ.R. 13(A) is applicable to those actions as applied to the claim for money damages, Civ.R. 13(A) does notcompel counterclaims in an action brought only in forcible entry and detainer. Haney, supra.
Here, defendant's action in the municipal court coupled a claim for forcible entry and detainer with a claim for money damages. Under Haney, defendant ostensibly should have filed the claims at issue here as a compulsory counterclaim. However, after the trial court entered judgment for plaintiff in the forcible entry and detainer case, defendant voluntarily dismissed its remaining claim for money damages. As this court made clear inClimaco, Seminatore, Delligatti Hollenbaugh v. Carter (1995),100 Ohio App.3d 313, "[o]nce [plaintiff in the former action] voluntary [sic] dismissed her claim, there is no pending action which requires the compulsory submission of a counterclaim. Hence, [defendant in the former action] is not barred from asserting the claim in [the present] action by virtue of Civ.R. 13(A)." Id. at 323. Defendant voluntarily dismissed his claim for back rent against plaintiff, and the claim is treated as if it was never filed. Id. at 322. Civ.R. 13(A) thus does not bar plaintiff from asserting her claims in the present action. See, also, PortAuthority of Vermillion v. Coyle (Apr. 18, 1997), Erie App. No. E-96-066, unreported (citing Climaco to hold that a counterclaim not previously asserted in a suit that was voluntarily dismissed by plaintiff was not barred by Civ.R. 13(A)).
In the final analysis, with the voluntary dismissal of defendant's claim for back rent, plaintiff was under no duty to raise any counterclaim that she may have possessed in response to defendant's sole claim for eviction. Haney, supra. Because the trial court erred in applying Civ.R. 13(A) to plaintiff's claims and improperly granted summary judgment in favor of defendant, we sustain plaintiff's single assignment of error, reverse the judgment of the trial court, and remand this matter to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BOWMAN, P.J., and LAZARUS, J., concur.