OPINION
This is an accelerated calendar appeal submitted on the record and the briefs of the parties. Jon M. Sefcik ("appellant") appeals the July 24, 2001 judgment entry by the Willoughby Municipal Court, granting a writ of restitution in favor of Bishop Park Towers, a.k.a. Development the Lessor, ("appellee"). For the foregoing reasons, we affirm the decision of the lower court.
Appellee owns and manages an apartment complex where appellant is a tenant. On June 8, 2001, appellee served appellant with a three-day notice to leave the premises due to non-payment of rent. Thereafter, on June 14, 2001, appellee filed a complaint in forcible entry and detainer against appellant, alleging that appellant had not paid rent since April 2001.
On June 29, 2001, appellee's complaint was heard before a magistrate. The magistrate filed a decision on July 3, 2001, amended on July 5, 2001. The magistrate set forth the following findings of fact: appellee previously filed a forcible entry and detainer action against appellant, which came for hearing on May 30, 2001; the issue of the prior action pertained to appellant's failure to pay rent for May 2001; on June 1, 2001, the trial court entered judgment in the first eviction action in favor of appellant.[1] The magistrate indicated that, in the instant forcible entry and detainer action, May's rent had still not been paid. The magistrate stated that, after receiving notice of the June 1, 2001 judgment, appellee issued a three-day notice to appellant on June 8, 2001, for non-payment of rent. The magistrate indicated that the issue, in the instant action, was whether appellant was entitled to a reasonable time to pay the May rent once the judgment was rendered in his favor in the previous proceeding. Appellee contended that six days was reasonable; however, appellant argued that such time period was not reasonable. The magistrate concluded that, appellee was entitled to a writ of restitution, reasoning that, on June 2, 2001, May's rent was past due, and appellee had no obligation to accept past due rent. The magistrate further indicated that there was no statute or case law requiring a landlord to give a tenant "reasonable opportunity" to pay rent; therefore, if a tenant was in violation of a lease agreement, a landlord could commence eviction proceedings.
That same day, the trial court, adopting the magistrate's decision, filed a judgment of restitution in favor of appellee. Thereafter, on July 13, 2001, appellant filed timely objections to the magistrate's decision. Appellant contended that, when a landlord does not prevail in a forcible entry and detainer action, there must be a period of time in which a tenant could pay the rent accrued during the proceeding.
On July 13, 2001, a hearing was held to address appellant's objections. The trial court filed a judgment entry on July 24, 2001, overruling appellant's objections. The trial court found that appellee had sufficiently notified appellant that it would enforce strict compliance with the lease provision requiring rent on the first day of each month. The trial court stated that, between the earlier decision of June 1, 2001 and the three-day notice that appellee filed on June 8, 2001, appellant had not tendered rent for May or June.
On July 30, 2001, appellant filed a timely notice of appeal. Appellant asserts the following assignment of error for review:
 "The trial court erred when it ruled that a landlord need not allow a reasonable time for [a] tenant to pay rent after a judgment in favor of [the] tenant and when the landlord was the cause of the rent being late, and entered judgment for eviction."
In appellant's sole assignment of error, appellant contends that when a court enters judgment for a tenant in an eviction action, a landlord must afford the tenant reasonable opportunity to pay the rent accrued during the eviction action. Appellant argues that public policy requires that a reasonable time be permitted. This argument is without legal merit. Adopting a policy that would allow tenants to delay payment of rent by inviting forcible entry and detainer actions would open the floodgates to rent payment delaying litigation. Such invitation for misuse of the judicial process is not good public policy.
Appellant's lease agreement with appellee states that the "tenant agrees to pay the landlord * * * $505.00 per month as rent due and payable on the first day of each month * * *." R.C. 1923.02(A)(9) provides that a tenant who breaches an obligation imposed upon them by a written rental agreement is subject to a forcible entry and detainer action. The purpose of a forcible entry and detainer action is to decide the right to immediate possession of the real property. Haney v. Roberts (1998),130 Ohio App.3d 293, 297.
The July 3, 2001 magistrate's decision cites to Conway v. Nissley
(Dec. 7, 1995), 8th Dist. No. 68536, 1995 Ohio App. LEXIS 5390. InConway, the landlord gave the defendants a three-day notice of eviction on the same day that it dismissed a prior forcible entry and detainer action against them. The defendants contended that the landlord failed to give them a reasonable opportunity to pay the rent. The Eighth Appellate District stated that there was "no statute or case law requiring the landlord to give the tenants a "reasonable opportunity" to pay rent. If the tenant is in violation of the obligation in the written lease to pay rent, the landlord may commence proceedings under R.C. Chapter 1923." Id. at 4-5.
In Conway, the defendants cited to Mazzarella v. MaGimes (Dec. 30, 1991), Cleveland M.C. Case No. 91 CVF 30291. In the instant case, appellant also cites to this authority. The appellate court in Conway
explained that, in Mazzarella, the rent claimed by the landlord in the eviction action arose during the pendency of a prior eviction action, which was resolved in favor of the tenant. Id. at 5. The Eighth Appellate District stated that, in Mazzarella, the tenant could not pay the rent that was accruing during the prior eviction action while it was going on. Id. The appellate court further explained that the second eviction action was filed even before judgment was entered in the first action; therefore, the tenant could not have paid the rent that accrued during the first action. Id. In distinguishing Mazzarella, the appellate court in Conway stated that the prior action commenced on October 14 and was dismissed October 27; therefore, the defendants were only prevented from paying the October rent and could have tendered the rest of the rent that was owed for July through September. Id. at 6.
In the instant case, the previous action against appellant commenced on May 7, 2001, when appellant was served with a three-day notice of eviction for failing to pay the May 2001 rent. The matter was resolved on June 1, 2001, in favor of appellant.
As stated, the purpose of a forcible entry and detainer action is to decide the right to immediate possession of the real property. SeeHaney, supra. However, at the time that the subsequent action arose, appellant failed to pay the June 2001 rent. Nothing precluded appellant from paying the June rent. The issuance of a three-day notice to vacate does not terminate a tenant's obligation to pay rent for the remainder of a term. Briggs v. Macswain (1986), 31 Ohio App.3d 85. Appellant's obligation to pay the rent for June was not deferred. Under the lease, that rent was due on June 1, 2001. The trial court correctly granted judgment in favor of appellee for restitution.
Briefly, we feel compelled to make the following observation. Upon filing a notice of appeal, appellant indicated that a statement, pursuant to App.R. 9(C) or (D), would be filed in lieu of a transcript of the proceedings below. On September 4, 2001, counsel for appellant filed a "narrative of proceedings of court." Both sides signed this document. It stated that the parties agreed that, in lieu of a transcript or narrative, they were submitting the magistrate's decisions of May 31, 2001 and July 3, 2001, which accurately reflected the facts. However, this document does not meet the requirements set out App.R. 9(C) or (D). App.R. 9(C) and (D) require submission and approval of such a "statement" by the trial court. There is no indication that this document was forwarded to the trial court or that the trial court approved its contents. Consequently, we are unable to consider this document part of the appellate record. See State v. Velenski (June 2, 1995), 11th Dist. No. 94-T-5123, 1995 WL 407163, at 1; Heisler v. Heisler (May 25, 1990), 11th Dist. No. 89-P-2087, 1990 Ohio App. LEXIS 2033, at 5. The appellant bears the duty of ensuring that the record, or those portions of the record necessary for resolution of the appeal, is filed with this court.Superior Mobile Homes, Inc. v. Wyngate Manor (July 23, 1999), 11th Dist. Nos. 98-T-0072 and 98-T-0081, 1999 Ohio App. LEXIS 3420. See also SummitMobile Home Park v. Brode (Oct. 16, 1998), 11th Dist. No. 97-P-0080, 1998 Ohio App. LEXIS 4883. Without a transcript or proper statement of the proceeding below, we would have to presume the regularity and validity of the lower court proceeding. See Hartt v. Munobe, 67 Ohio St.3d 3,1993-Ohio-177; Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. However, in the instant case, such "procedural flaw" by appellant was not critical in our review of appellant's assignment of error since the magistrate's decisions were already made part of the record below.
For the foregoing reasons, appellant's assignment of error is overruled. The judgment of the Willoughby Municipal Court is affirmed.
JUDITH A. CHRISTLEY, P.J., ROBERT A. NADER, J., concur.
[1] Specifically, on May 31, 2001, the magistrate filed a decision in the previous forcible entry and detainer action, stating that appellee's past conduct in accepting late rent from appellant precluded it from now proceeding in a forcible entry and detainer action against appellant on the grounds of non-payment of rent. In particular, the magistrate found that appellee gave appellant a verbal warning in March 2001, that rent would no longer be accepted after the first day of each month; however, appellee accepted rent on April 9, 2001. Appellee then served appellant with a three-day notice of eviction on May 7, 2001, for the May 2001 rent. The magistrate explained that appellee's acceptance of the untimely April rent negated the warning that was given to appellant in March; therefore, appellee had to re-notify appellant.