[Cite as *Douglas v. Lewis*, 2019-Ohio-1218.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| APRIL NICOLE DOUGLAS, | : | APPEAL NO. C-180201 |
| | | TRIAL NO. A-1705258 |
| ALEXIS PHILLIPS, | : | |
| and | : | |
| R.W., A MINOR CHILD, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| WILLIE O. LEWIS, | : | |
| and | : | |
| LAVETTA A. LEWIS, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 3, 2019


*Brian L. Titgemyer* and *Owen P. Kelm,* for Plaintiffs-Appellants,

*Stuart L. Richards* for Defendants-Appellees.

**WINKLER, Judge.**

{¶1}  Plaintiffs-appellants April Douglas, Alexis Phillips, and R.W. (collectively "Douglas"), appeal the judgment of the Hamilton County Court of Common Pleas dismissing their complaint against their former landlords, defendants-appellees Willie and Lavetta Lewis (collectively "Lewis").  Because we determine that the trial court erred in dismissing Douglas's complaint, we reverse.

{¶2}  Douglas filed a complaint against Lewis seeking money damages for personal injury and wrongful eviction.  Lewis moved to dismiss the complaint, arguing that he had filed an action in Hamilton County Municipal Court against Douglas for forcible entry and detainer and money damages, and that Douglas's claims would have been compulsory counterclaims in the municipal-court action under Civ.R. 13(A).  Lewis attached a copy of the complaint he filed in municipal court.  In response to Lewis's motion to dismiss, Douglas conceded that Lewis had filed an action in municipal court, and that Lewis had received a writ of restitution of the premises as a result.  Nevertheless, Douglas argued that an eviction action determines only the right to possession of the property, and that Civ.R. 13(A) could not bar her claims in this case.

{¶3}  The trial court granted Lewis's motion to dismiss, relying on Civ.R. 13(A) and this court's decision in *Sherman v. Pearson*, 110 Ohio App.3d 70, 673 N.E.2d 643 (1st Dist.1996).  Douglas appeals.

{¶4}  In a single assignment of error, Douglas argues that the trial court erred in dismissing her complaint.  This court conducts a de novo review of a trial court's decision granting a motion to dismiss.  *Barger v. Elite Mgt. Serv., Inc.*, 1st Dist. Hamilton No. C-170322, 2018-Ohio-3755, ¶ 5.

{¶5} Civ.R. 13(A) provides in relevant part, "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." The purpose of Civ.R. 13(A) is "to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters." *Rettig Ent., Inc. v. Koehler*, 68 Ohio St.3d 274, 278, 626 N.E.2d 99 (1994). A party's failure to assert a compulsory counterclaim will bar that party from litigating the claim in a subsequent lawsuit under the doctrine of res judicata. *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14, 457 N.E.2d 827 (1984).

{¶6} In *Sherman*, this court applied Civ.R. 13(A) in affirming summary judgment in favor of a landlord on a tenant's complaint for personal injury. The record in *Sherman* showed that the landlord had filed a previous action against the tenant for forcible entry and detainer and money damages for unpaid rent. The court in the previously-filed action issued a writ of restitution of the property and entered default judgment on the claim for unpaid rent. The tenant then filed an action for personal injury against the landlord. The trial court held that the tenant's personal-injury claim was related to the landlord's previous action against the tenant for forcible entry and detainer and unpaid rent, so that the tenant's personal-injury claim would have been a compulsory counterclaim in the previous action. Because the tenant failed to file the compulsory counterclaim in the previous action, the court granted summary judgment in favor of the landlord.

{¶7} Douglas argues that the trial court erred in relying on Civ.R. 13(A) in dismissing her complaint because the Rules of Civil of Procedure have limited

applicability to forcible entry and detainer actions, and the application of Civ.R. 13(A) in this action conflicts with Ohio's Landlord-Tenant Act.

{¶8}   In support of her argument that Civ.R. 13(A) does not apply, Douglas relies on *Haney v. Roberts*, 130 Ohio App.3d 293, 720 N.E.2d 101 (4th Dist.1998). In *Haney*, the Fourth Appellate District held that where a landlord files an action for forcible entry and detainer and does not join any other action, Civ.R. 13(A) does not apply, and the tenant is not required to file any counterclaims.  The court reasoned that forcible entry and detainer actions decide only the right to immediate possession of the property, and nothing else, and the application of Civ.R. 13(A) would defeat the summary nature of those proceedings.  *Id.* at 300, citing *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 423 N.E.2d 177 (1981); *see* Civ.R. 1(C)(3) ("These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in forcible entry and detainer[.]").  The court specifically noted: "If, however, the landlord joins another action with the forcible entry and detainer action, Civ.R. 13(A) does apply to that other action and, consequently, the tenant must assert compulsory counterclaims." *Haney* at 300.

{¶9}   Douglas argues that *Sherman* conflicts with *Haney*, and that *Sherman* is wrongly decided.  We disagree.  In *Sherman*, the landlord had joined a forcible entry and detainer action with a claim for money damages, and therefore the court held that Civ.R. 13(A) barred the tenant's subsequent suit.  The scenario in *Sherman* is precisely the type of scenario to which the *Haney* court stated that Civ.R. 13(A) would apply.

{¶10} Nevertheless, *Sherman* is distinguishable from the case at bar.  In *Sherman*, the court in the previously-filed action had entered judgment on both the

4

landlord's claim for forcible entry and detainer and the claim for unpaid rent. In this case, the record does not show that Lewis received a judgment in his earlier action with regard to his claims for unpaid rent and money damages.

{¶11} The common-law rule requiring a party to assert a compulsory counterclaim under Civ.R. 13(A) or be barred from bringing the claim in a subsequent action is rooted in the doctrine of res judicata. *E.g., Osborn Co. v. Ohio Dept. of Adm. Serv.*, 80 Ohio App.3d 205, 210, 608 N.E.2d 1149 (10th Dist.1992). Res judicata requires a final judgment on the merits. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). In the absence of evidence that a landlord's money-damages claim reached a judgment, Civ.R. 13(A) does not bar a tenant's subsequent suit for personal injury seeking money damages. *See Carter v. Russo Realtors*, 10th Dist. Franklin No. 99AP-585, 2000 WL 249137, *3 (Mar. 7, 2000) (holding that Civ.R. 13(A) did not bar the tenant's action where the landlord's previous claim for money damages had been voluntarily dismissed after the landlord received a judgment on its eviction claim).

{¶12} Because the record does not reflect a judgment on Lewis's claims for unpaid rent and money damages, the trial court erred in applying Civ.R. 13(A) in dismissing Douglas's complaint. We sustain Douglas's assignment of error.

{¶13} The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Judgment reversed and cause remanded.

**BERGERON, P.J.,** and **CROUSE, J.**, concur.

**Please note:**

      **The court has recorded its own entry on the date of the release of this opinion.**