**NEFF, Appellee,**

**v.**

**MANASHIAN, Appellant, et al.**

[Cite as *Neff v. Manashian* (1995), 104 Ohio App.3d 528.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67946.

Decided June 12, 1995.

*William L. Tomson, Jr.,* for appellee.

*Laurence A. Turbow,* for appellant, Cynthia Manashian.

---

*Per Curiam.*

■ An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc. App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusionary decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

On June 11, 1993, plaintiff-appellee, Thomas J. Neff, Sr., filed a forcible entry and detainer action in the Parma Municipal Court against defendant-appellant, Cynthia Manashian, and Robert Manashian. On July 12, 1993, appellant filed a motion to dismiss, arguing that the appellee had erred in filing a action for forcible entry and detainer. Appellant contended that the agreement signed by the parties was a land installment contract, and that appellee should have filed an

action in foreclosure in the court of common pleas. The parties agree that on August 10, 1993, appellee filed an action in foreclosure in the court of common pleas alleging breach of a land installment contract.

On August 3, 1994, the municipal court concurred with the referee's determination that it lacked jurisdiction over the land contract, and certified the action to the Cuyahoga County Court of Common Pleas. Subsequent to this transfer, appellant filed a motion before the Parma Municipal Court for attorney fees pursuant to R.C. 5321.02. The court denied the motion, and appellant requested findings of fact and conclusions of law. The court issued these findings and conclusions. It is from the denial of the motion for attorney fees that the appellant has appealed.

The appellant sets forth one assignment of error:

"The trial court erred to the prejudice of the defendant-appellant in failing to award her reasonable attorney fees pursuant to Ohio Rev.Code § 5321.02, upon dismissal of an erroneous and retaliatory forcible entry and detainer action."

Appellant asserts that appellee filed the forcible entry and detainer action as retaliation, and that the appellee knew that the proper cause of action was one of foreclosure in the court of common pleas. Appellee contends that the action was not retaliatory, that the contract contemplates a forcible entry and detainer action, and that the appellant is not entitled to attorney fees as she has shown no actual damages.

The language of R.C. 5321.02 expressly conditions the award of attorney fees on a finding that the tenant suffered actual damages. *Jemo Assoc., Inc. v. Garman* (1982), 70 Ohio St.2d 267, 24 O.O.3d 358, 436 N.E.2d 1353, paragraph two of the syllabus; *Cuyahoga Metro. Hous. Auth. v. Watkins* (1984), 23 Ohio App.3d 20, 23 OBR 62, 491 N.E.2d 701. Municipal courts and courts of common pleas have concurrent original jurisdiction over forcible entry and detainer actions. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.* (1981), 67 Ohio St.2d 19, 21 O.O.3d 12, 423 N.E.2d 1070, syllabus.

In addition, the Parma Municipal Court did not dismiss the forcible entry and detainer action, but, instead, transferred it to a court of concurrent jurisdiction, the Cuyahoga County Court of Common Pleas. By so doing, the municipal court lost jurisdiction to consider the appellant's motion for attorney fees. Thus, once the court of common pleas assumed jurisdiction, it alone was the appropriate forum in which to file the motion for attorney fees. The municipal court could not assess attorney fees, even had the judge deemed them appropriate, because there was no case pending before it. The Parma Municipal Court no longer had jurisdiction to make a finding of actual damages.

Since the Parma Municipal Court is without jurisdiction, and no final appealable order has been rendered by the Cuyahoga County Court of Common Pleas, this court lacks jurisdiction to consider this appeal.

This action is dismissed for lack of a final appealable order.

*Appeal dismissed.*

PATTON, C.J., JAMES D. SWEENEY and PORTER, JJ., concur.