OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, David Zamos, appeals from a final judgment of the Portage County Municipal Court, Kent Division, entered in favor of appellees, Jeff and Marla Dunn.
On March 14, 2000, appellant initiated a forcible entry and detainer action against appellees in the Kent Division of the Portage County Municipal Court. In addition to requesting restitution of the premises, appellant also included a claim to recover past due rent totaling $750.
The case was set for an eviction hearing on April 3, 2000. However, on the day of the hearing, appellees filed a motion to dismiss appellant's complaint. As grounds for their motion, appellees argued the following: (1) appellant had not complied with R.C. 5321.17(B); (2) res judicata
barred appellant's complaint because he had already filed a similar action in January 2000; and (3) appellant's claim to recover the premises was moot because they had already vacated the home.
Appellees also filed an answer denying the allegations in the complaint. In their answer, appellees included a counterclaim contending that appellant's actions were retaliatory, which, in turn, violated Ohio's Landlords and Tenants Act. As a result, they sought $500 in damages for attorney fees.
Appellant voluntarily dismissed his forcible entry and detainer claim on the same day. On August 17, 2000, appellant moved the trial court for permission to file his answer to appellees' counterclaim instanter. Appellant also filed a separate motion to dismiss the counterclaim, arguing that he had not been properly served under Civ.R. 5.
The trial court granted appellant's motion to file his answer instanter, and the matter proceeded to trial on October 11, 2000. Appellant, however, did not appear at this time. Accordingly, the trial court had appellees proceed ex parte. At the conclusion of the trial, the court issued a judgment entry dismissing appellant's remaining claim. In addition, the trial court granted judgment in favor of appellees on their counterclaim and awarded them $500.
From this decision, appellant filed a timely notice of appeal with this court. He now argues that the trial court erred in granting appellees judgment and awarding them $500 because they failed to present any evidence of actual damages during the trial.[1]
Although for different reasons, we agree with appellant and conclude that the trial court did err in entering judgment in favor of appellees. R.C. 5321.02(A) prohibits a landlord from retaliating against a tenant for certain privileged conduct. If a landlord violates R.C. 5321.02(A), through raising the rent, decreasing services that are due a tenant, or bringing or threatening to bring an action for possession of the tenant's premises, a tenant may, among other things, "recover from the landlord any actual damages together with reasonable attorneys' fees." R.C. 5321.02(B).
However, "a counterclaim brought by the defendant-tenant under R.C.5321.02(B) which seeks attorney's fees without alleging actual damages is insufficient as a matter of law." Jemo Assoc., Inc. v. Garman (1982),70 Ohio St.2d 267, paragraph two of the syllabus. Stated differently, "[t]he language of R.C. 5321.02(B) expressly conditions the award of attorney's fees on a finding that the tenant suffered actual damages."Jemo at 272. See, also, Neff v. Manashian (1995), 104 Ohio App.3d 528,530; Meacham v. Miller (1992), 79 Ohio App.3d 35, 42.
In the case at bar, appellees' counterclaim included no allegations of any breach of appellant's statutory or common law obligations that could have possibly caused appellees to suffer actual damages. Rather, they simply claim that appellant's actions were retaliatory in nature, and that they incurred $500 in attorney fees defending this alleged retaliatory conduct.
During the October 11, 2000 trial, appellees did not present any evidence that they had suffered actual damages. Moreover, appellees failed to put on any evidence demonstrating that the filing of the forcible entry and detainer action was retaliatory. As a matter of fact, appellees presented no evidence whatsoever during the ex parte trial.
After determining that appellant was not going to appear, the following exchange occurred between the trial court and appellees' attorney:
 "MR. REEVES: Your Honor, we I have had numerous conversations with [appellant]. I've entered a Counterclaim filed April 3rd stating retaliatory conviction against [appellant].
 "He had filed an earlier suit alleging the same things. That suit was dismissed without prejudice by this Court and he went and filed again.
 "He has retaliated against my clients. He has harassed my clients, and I counterclaim for the attorney fees based on that harassment of retaliation.
 "My client [sic] should not be should not have to spend their own money to defend numerous actions by [appellant] who apparently has no indication of filing and proceeding with this case. Therefore, my clients are damaged in the sum of five hundred dollars.
 "THE COURT: Well, how do you calculate the five hundred dollars?
 "MR. REEVES: Just what I have charged my clients for my time, which I will say it is a reduced rate. They are friends of my partner's and neighbors of my partner's that he's known for years.
 "Normally, I would have charged a lot more. However, five hundred dollars is fine here.
"THE COURT: Is that on an hourly basis?
 "MR. REEVES: Yes. I bill at one hundred twenty-five an hour. And if we started on the hourly basis, I would have more than a two thousand or three thousand dollars claim in this instance."
 As can be clearly seen, there was absolutely no evidence presented during this abbreviated proceeding to even remotely suggest that appellees had suffered actual damages or that appellant's actions were retaliatory. Neither appellee took the stand to testify about appellant's conduct or how they were harmed by it. Instead, the entire proceeding simply consisted of a brief conversation between the trial court and appellees' attorney.
Furthermore, even if we were to assume that the couple had suffered some actual damages, there is nothing in the record to support the award of attorney fees. Appellees' attorney never testified about how many hours he worked on the case, the type of services he performed, or the fees customarily charged in the locality for similar legal services. Rather, he simply stated that his fee could have been "a two thousand or three thousand dollars claim[,]" but that he would accept $500. This statement is certainly insufficient, as a matter of law, to sustain an award of attorney fees, in that some substantive evidence had to be introduced concerning the reasonableness of the fees. Villella v.Waikem Motors, Inc. (1989), 45 Ohio St.3d 36, 41.
Based on the foregoing analysis, appellant's sole assignment of error is well-taken.
Accordingly, the judgment of the trial court is reversed, and judgment is entered in favor of appellant.
JUDGE JUDITH A. CHRISTLEY, FORD, P.J., GRENDELL, J., concur.
[1] We would like to briefly note that appellant appears to misunderstand the difference between a default judgment and an ex parte
trial. Civ.R. 55, which governs default judgments, only applies to cases where one party has "failed to plead or otherwise defend" as provided in the civil rules. Biela v. Moore (Dec. 22, 2000), Trumbull App. Nos. 99-T-0167 and 99-T-0168, unreported, 2000 WL 1876780, at 2. In contrast, when a defending party who has filed a responsive pleading fails to show for trial, the party seeking relief is still required to proceed exparte in the opponent's absence and produce affirmative proof of every essential element of the claim. Ohio Valley Radiology Assoc., Inc. v.Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 121. Here, appellant filed an answer to appellees' counterclaim on August 17, 2000. As a result, a default judgment would obviously not have been appropriate because appellant had filed a responsive pleading.