OPINION
{¶ 1} Defendant-appellants Diana McCourt and the Siberian Tiger Conservation Association appeal a judgment of the Municipal Court of Mount Vernon, Knox County, Ohio. Appellee Isaiah's Wings had brought a complaint for forcible entry and detainer, and damages against appellants. Appellants counterclaimed and also made a third-party complaint against the principals of Isaiah's Wings, which exceeded the jurisdictional amount of the municipal court. The municipal court bifurcated the action and ruled on the forcible entry and detainer action, evicting the appellants from the property. The municipal court transferred the balance of the case the Knox County Court of Common Pleas. Appellants assign two errors to the trial court:
 {¶ 2} "I. WHEN, IN A FORCIBLE ENTRY AND DETAINER CASE, THE DEFENDANT FILES A COUNTERCLAIM WHICH EXCEEDS THE JURISDICTION OF THE MUNICIPAL COURT, DOES A MUNICIPAL COURT CONTINUE TO HAVE JURISDICTION OVER THE FORCIBLE ENTRY AND DETAINER ACTION WHEN THE ISSUES INVOLVED IN THE CASE ARE DIRECTLY RELATED TO THE UNDERLYING EVICTION CASE?
 {¶ 3} "II. WHEN A FORCIBLE ENTRY AND DETAINER CASE IS COMMENCED IN MUNICIPAL COURT AND A COUNTERCLAIM IS FILED EXCEEDING THE JURISDICTION OF THE MUNICIPAL COURT, MAY THE MUNICIPAL COURT HEAR THE FORCIBLE ENTRY AND DETAINER ACTION WHEN THE LEASE AGREEMENT REQUIRES ALL DISPUTES; UNDER THE AGREEMENT TO BE RESOLVED UNDER THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN BAR ASSOCIATION?"
 I II {¶ 4} Appellants first argue Civ. R. 13 (J) requires a municipal court to certify the entire proceedings in a case to the court of common pleas if a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court. The parties both cite us to our case of Lyons v. Link, Knox App. No. 03CA000006, 2003-Ohio-2706, wherein this court reviewed a forcible entry and detainer action with a counterclaim exceeding the municipal court's monetary jurisdiction. In Lyons, this court noted Civ. R. 1 (C) makes forcible entry and detainer actions specifically exempt from the Civil Rules to the extent the Rules would by their nature be clearly inapplicable. InLyons, we found municipal courts and common pleas courts have concurrent jurisdiction to hear forcible entry and detainer actions. Appellants are incorrect in asserting the municipal court automatically lost jurisdiction over the entire matter because of the counterclaim and third party complaint.
 {¶ 5} In Lyons, the tenant's counterclaim alleged fraud, arguing the premises were not habitable. We found these claims were severable. Although the appellant's non-payment of rent might have been excused by the landlord's failure to live up to the duties mandated by R.C. 5312.04, the appropriate remedy created by the legislature is in R.C. 5312.07. In the Lyons
case, the appellant conceded he had neither paid the entire rent nor availed himself of the R.C. 5312.07 remedy. Thus, any claims the appellant had were for monetary damages only, and could be severed from the eviction proceedings and transferred to the Common Pleas Court. In addition, the appellant had vacated the property, rendering the forcible entry and detainer action moot,Lyons, citing Haney v. Roberts (1998), 130 Ohio App.3d 293,720 N.E.2d 101.
 {¶ 6} In some circumstances, if the municipal court retains forcible entry and detainer portion of the case and transfers the damages portion to common pleas court, the municipal court can rule on the eviction without affecting the other claims of the parties. In some circumstances, however, the counterclaim and/or third party complaint is so interrelated as to require the issues all be heard together. In certain cases an award of damages may be an inadequate remedy if the lessee has been evicted from the premises.
 {¶ 7} In the case at bar, the complaint for forcible detainer alleged appellants and appellee had entered into a written lease which required appellants to pay $1,700 per month. The complaint alleged appellants had paid only $850.00 of the rent due on October 1, 2005. Appellee's second claim prayed for damages in the amount of unpaid rent and damages and costs.
 {¶ 8} Appellee attached a copy of the lease to their complaint, which provides, inter alia, the appellants shall have the right to purchase the property within 90 days of the expiration date of the lease.
 {¶ 9} Appellants' answer and counterclaim denied they were in default of the lease and alleged the parties had entered into a contemporaneous oral agreement requiring appellants to pay only $700.00 per month as rent, plus $150.00 per month towards a veterinarian bill. The counterclaim alleged appellee's principals, Christian and Donnalynn Laver, were members of the board of directors of appellant Siberian Tiger Conservation Association and had agreed appellee would pay the balance of the rent.
 {¶ 10} Appellants' third-party complaint joined the Lavers as defendants, and alleged they intentionally and fraudulently induced appellants to enter into the lease agreement. Knowing appellants could not afford the $1700 rent, the Lavers orally agreed to reduce the rent until appellants' financial situation improved. In reality, appellants argue, the Lavers intended to enforce the written lease, so they could evict appellant McCourt, and assume operation of the Siberian Tiger Conservation Association themselves.
 {¶ 11} At the hearing on the eviction, the appellee indicated to the court the eviction was "unique", because the animals belonging to the Association would not be moved. Instead, appellee informed the court it would be able to take care of the animals once they regained possession of the property.
 {¶ 12} We find the issues in the counterclaim and third party complaint are so intertwined with the forcible entry and detainer action that the municipal court should not have bifurcated the matter. In the event appellants prevail in common pleas court, their monetary remedy may be inadequate if they have already lost possession of the property, their option to purchase it, and the animals.
 {¶ 13} Accordingly, the first assignment of error is sustained. The second assignment of error relating to arbitration is premature, because the common pleas court must address the matter.
 {¶ 14} For the foregoing reasons, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is reversed. The order of eviction is vacated, and the matter is remanded to the municipal court with instructions to transfer the matter to common pleas court.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is vacated, and the cause is remanded to the municipal court with instructions to transfer the matter to common pleas court. Costs to appellees.