OPINION *Page 2 
{¶ 1} Defendants-Appellants, Diana McCourt and the Siberian Tiger Conservation Association, LLC, appeal the decision of the Knox County Court of Common Pleas to deny their motion to vacate the arbitration award in favor of the Plaintiff-Appellee, Isaiah's Wings, LLC.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant Diana McCourt established the Siberian Tiger Conservation Association, LLC, a non-profit organization that provided instruction to people interested in the care and handling of large cats, such as lions and tigers. McCourt purchased property in Gambier, Ohio, and built a training facility to provide educational courses to students interested in the care of these animals.
 {¶ 3} In 2005, Appellee purchased the property. Appellants and Appellee entered into a lease agreement, wherein Appellants would rent the property from Appellee for $1,700 per month. Pursuant to Paragraph 4.05 of the lease agreement, Appellants were permitted to reside in the residential building on the property but they acknowledged the lease agreement was intended to be treated as a lease of a non-residential property for purposes of Ohio landlord-tenant law and forcible detainer law, due to Appellants' intended use of the property for maintenance of animals.
 {¶ 4} In October 2005, Appellee notified Appellants that rent was due in the amount of $850. On October 16, 2005, Appellee posted a "Notice to Leave Premises" on the door of the residential property due to the unpaid rent. Appellee also personally served a "Notice to Leave Premises" on one of the Appellants' board members. *Page 3 
 {¶ 5} On October 24, 2005, Appellee filed a complaint for forcible entry and detainer and damages against Appellants in the Mount Vernon Municipal Court. Appellants counterclaimed and made a third-party complaint against the principals of Appellee, which exceeded the jurisdictional amount of the municipal court. The municipal court bifurcated the action and ruled on the forcible entry and detainer action, evicting Appellants from the property. The municipal court transferred the balance of the action to the Knox County Court of Common Pleas.
 {¶ 6} Appellants appealed the decision of the municipal court to bifurcate the issues. We reversed the decision of the municipal court to bifurcate the forcible entry and detainer action from the issues in the counterclaim and third-party complaint. See Isaiah's Wings, LLC v. DianaR. McCourt, et al., 5th Dist. No. 2005-CA-39, 2006-Ohio-3573. We vacated the order of eviction and remanded the matter to the municipal court with the instructions to transfer the case to the common pleas court. Id.
 {¶ 7} Upon transfer of the case to the common pleas court, Appellants filed a request for arbitration of all matters presented in the case pursuant to the terms of the lease agreement. The trial court granted the request and the case proceeded to arbitration on January 29, 2007. The arbitrator issued his decision on April 2, 2007, finding in favor of the Appellee on its complaint for forcible entry and detainer and against Appellants on their counterclaim and third-party complaint. The arbitrator also awarded Appellee $32,300 representing all rents due Appellee from Appellants.
 {¶ 8} The trial court admitted the arbitrator's award to the record and adopted it in its entirety on April 9, 2007. Appellants filed a motion to vacate the arbitration award *Page 4 
on April 18, 2007. The trial court denied the motion and granted final judgment in favor of Appellee. It is from this decision Appellants now appeal.
 {¶ 9} Appellants raise three Assignments of Error:
 {¶ 10} "I. DID THE TRIAL COURT HAVE JURISDICTION OVER THE FORCIBLE ENTRY AND DETAINER ACTION FILED IN THIS MATTER?
 {¶ 11} "II. DID THE TRIAL COURT ERR WHEN IT FAILED TO CONSIDER EQUITY ARGUMENTS AGAINST EVICTION?
 {¶ 12} "III. DID THE TRIAL COURT ERR WHEN IT FAILED TO VACATE THE ARBITRATOR'S DECISION?"
 I. {¶ 13} Appellants argue in their first Assignment of Error that the trial court, and therefore the arbitrator, did not have jurisdiction over Appellee's forcible entry and detainer action because Appellee failed to comply with the requirements of R.C. 1923.04(A) when it served Appellants with notice to vacate the premises. We disagree.
 {¶ 14} R.C. Chapter 1923 governs actions in forcible entry and detainer. The notice and service provisions of that chapter, codified in R.C. 1923.04, provide:
 {¶ 15} "(A) Except as provided in division (B) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted. *Page 5 
 {¶ 16} "Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: `You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.'"
 {¶ 17} The second paragraph of R.C. 1923.04(A) applies only to residential leases. It is Appellants' position that the lease agreement provided for the lease of a residential property as well as commercial property, therefore Appellee was required to include the required language of the second paragraph of R.C. 1923.04(A) in its "Notice to Leave Premises." It has been held that the notice to vacate letter required by R.C. 1923.04(A) is a jurisdictional prerequisite to filing a forcible entry and detainer complaint. See Voyager Village Ltd. v.Williams (1982), 3 Ohio App.3d 288, 291, 444 N.E.2d 1337. The parties do not dispute that the "Notice to Leave Premises" posted by Appellee in this case did not contain the language of the second paragraph of R.C. 1923.04(A).
 {¶ 18} We must determine whether the fact the parties contracted in the lease agreement for Appellants to rent residential property and commercial property necessitated the inclusion of the R.C. 1923.04(A) language in Appellee's "Notice to Leave Premises." Upon an examination of the record in this case, we find that Appellee was not required to include the language in its notice to vacate the premises.
 {¶ 19} Paragraph 4.05 of the lease agreement states:
 {¶ 20} "4.05 Residential Use. Even though Lessee [Appellants] may reside in the residential building on the Property, Lessee acknowledges and agrees that this *Page 6 
Lease is intended to be treated as a lease of non-residential property for purposes of Ohio tenant-landlord law and forcible detainer law, due to Lessee's intended use of the Property for the maintenance of animals. In the event that it is held or determined that, notwithstanding the intent of the Landlord [Appellee] and Lessee as expressed herein, that this lease constitutes a lease of residential property due to Lessee's occupancy of part of such property as a residence, then the parties agree that all parts of the property other than the residential building shall be treated as non-residential property under Ohio law, and only the building shall be treated as residential property."
 {¶ 21} "Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. * * * Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions. * * * When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Shifrin v. Forest Enterprises,Inc., 64 Ohio St.3d 635, 638, 597 N.E.2d 499, 1992-Ohio-28.
 {¶ 22} We find the clear and unambiguous language of the lease agreement demonstrates the parties intended the agreement to be the lease of commercial property, regardless of the Appellants' additional rental of residential property. Upon further review, we find Appellants have never before raised the issue of the whether the lease agreement constituted a lease of residential property rather than commercial property. Appellants now raise the argument as a jurisdictional question. We answer *Page 7 
the question in the negative, finding the clear language of the lease agreement shows parties intended the lease to be a commercial lease agreement and therefore, the language found in R.C. 1923.04(A) that applies only to residential leases was not a required element of Appellee's notice to vacate the premises.
 {¶ 23} Appellants' first Assignment of Error is overruled.
 II., III. {¶ 24} Appellant argues in her second Assignment of Error that the trial court erred when it failed to consider the equity arguments against eviction. As this entire matter was sent to arbitration upon Appellants' motion and pursuant to the lease agreement, we will assume that Appellants' second Assignment of Error criticizes the decision of the trial court to deny Appellants' motion to vacate the arbitration award upon the above-stated basis. We will therefore consider Appellants' second and third Assignments of Error together as they both relate to the trial court's decision to deny Appellants' motion to vacate the arbitration award.
 {¶ 25} Ohio public policy favors arbitration to resolve disputes.Griffith v. Linton (1998), 130 Ohio App.3d 746, 750, 721 N.E.2d 146, citing Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711,590 N.E.2d 1242. "The public policy favoring arbitration requires that courts have only limited authority to vacate an arbitrator's award."Assn. of Cleveland Fire Fighters, Local 93 of the International Assn. ofFire Fighters v. Cleveland, 99 Ohio St.3d 476, 2003-Ohio-4238, at ¶ 13, citing Mahoning Cty. Bd. of Mental Retardation DevelopmentalDisabilities v. Mahoning Cty. TMR Edn. Assn., supra, at 84,488 N.E.2d 872. Appellants filed their motion to vacate the arbitration award pursuant to R.C. 2711.01 et seq. R.C. 2711.10 sets forth the grounds upon *Page 8 
which a court of common pleas may vacate an arbitration award. This statute provides as follows:
 {¶ 26} "(A) The award was procured by corruption, fraud, or undue means.
 {¶ 27} "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 28} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 {¶ 29} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
 {¶ 30} On appellate review, the court of appeals is confined to an evaluation of the order issued by the court of common pleas, and may not pass on the substantive merits of the arbitration award except in matters of material mistake or extensive impropriety. Fraternal Order ofPolice v. Perry County Com'rs., 5th Dist. No. 02-CA-14, 2003-Ohio-4038, at ¶ 13. The statutorily limited scope of judicial review makes it clear that an arbitrator's award is presumed valid. Findlay City School Dist.Bd. of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129,551 N.E.2d 186, paragraph one of the syllabus. Any other substantive merits of the arbitration award cannot be addressed on appeal. Id. at 449,605 N.E.2d 408. "The overriding policy reason for this limited form of review is founded upon the principle that when parties voluntarily agree to submit their dispute to binding arbitration, they agree to accept the result regardless of its legal *Page 9 
or factual accuracy." Ford Hull-Mar Nursing Home, Inc. v. Marr KnappCrawfis Assoc., Inc. (2000), 138 Ohio App.3d 174, 179, 740 N.E.2d 729. See, also, Cleveland v. Fraternal Order of Police, Lodge 8 (1991),76 Ohio App.3d 755, 603 N.E.2d 351; and Goodyear v. Local UnionNo. 200 (1975), 42 Ohio St.2d 516, 330 N.E.2d 703.
 {¶ 31} In Appellants' second Assignment of Error, Appellants argue the trial court erred when it failed to consider equitable arguments against eviction. Appellants state the arbitrator completely disregarded Ohio law in this area and ignored Appellee's improper conduct when it awarded relief to Appellee.
 {¶ 32} As this court explained above, we are not permitted to address the merits of the arbitration proceeding. Motor Wheel Corp. v. GoodyearTire Rubber Co. (1994), 98 Ohio App.3d 45, 647 N.E.2d 844. We are confined to addressing the decision of the trial court that confirmed the arbitration award. Unless Appellants identify grounds under R.C. 2711.10 that will allow us to vacate the arbitration award, the decision must stand. Moreover, this court finds that the arbitration panel did hear and decide all the issues relevant to this case. Therefore, Appellants did not provide this court with a lawful basis for vacating the arbitration award in their second Assignment of Error.
 {¶ 33} In their third Assignment of Error, Appellants argue under R.C. 2711.10(D) that the arbitrator exceeded his power and so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. We disagree.
 {¶ 34} Appellants again raise the jurisdictional argument that the arbitrator exceeded his power when he considered the forcible entry and detainer action due to *Page 10 
the lack of notice in compliance with R.C. 1923.04(A). Based upon our findings on Appellants' first Assignment of Error, we find this argument to be not well taken.
 {¶ 35} Appellants next point to "peculiarities" in the manner in which the arbitration hearing took place to argue the arbitration award should be vacated under R.C. 2711.10(D). Examples of the peculiarities include swearing in a witness in the middle of their testimony and conflicting rulings on objections. As stated above, the court of appeals is confined to an evaluation of the order issued by the court of common pleas, and may not pass on the substantive merits of the arbitration award except in matters of material mistake or extensive impropriety. We do not find the errors raised by Appellants cause the substantive merits of the arbitration award to suffer from material mistake or extensive impropriety.
 {¶ 36} Accordingly, Appellants' second and third Assignments of Error are overruled.
 {¶ 37} The judgment of the Knox County Court of Common Pleas is affirmed.
Delaney, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellants. *Page 1